## McCLELLAN v. PYE. †

(Court of Civil Appeals of Texas. El Paso. Nov. 29, 1911. Rehearing Denied Jan. 10, 1912.)

1. LIMITATION OF ACTIONS (§ 180*)—PLEADING—DEMURRER.

    Where plaintiff prayed a right to redeem from foreclosure of a deed of trust, and damages if it appeared that defendant had disposed of the property, and it appeared on the face of the petition that any right which plaintiff might have had to redeem or to recover damages in lieu of redemption was barred by the four-year statute of limitations, a demurrer to the petition was properly sustained.

    [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 670–675; Dec. Dig. § 180.*]

2. JUDGMENT (§ 585*)—RES JUDICATA.

    Plaintiff having made default in performing the condition of a deed of trust, the property was sold by the trustee and purchased by defendant. Two years later, plaintiff sued in trespass to try title to recover the property and did not appeal from a final judgment against him. *Held*, that such judgment was res judicata of plaintiff's right to maintain a subsequent suit to redeem or to recover damages.

    [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 585.*]

Error to District Court, Harris County; W. P. Hamblen, Judge.

Trespass to try title by S. A. D. McClellan against F. E. Pye. Judgment for defendant, and plaintiff brings error. Affirmed.

Jackson & Dickson, for plaintiff in error. Elliott Cage, for defendant in error.

HIGGINS, J. On April 18, 1905, plaintiff in error executed and delivered to Ira P. Jones, trustee, for the use and benefit of defendant in error, a deed of trust covering lots 9 and 10 and adjoining halves of lots 8 and 11 in block 372 in the city of Houston, to secure the payment of certain moneys evidenced by 49 notes. One of said notes became due every month, and all bore interest at the rate of 8 per cent. per annum, payable monthly, and containing a clause providing that failure to pay one should mature the entire series when the first note became due and default was made in its payment. The entire series was declared due and the property was sold on August 1, 1905, by the trustee and purchased by defendant in error. In 1907 plaintiff in error filed an action of trespass to try title to recover the property, in which case final judgment was rendered against him and no appeal taken. The present suit was filed June 10, 1910, by plaintiff in error, praying that he be permitted to redeem the premises from the deed of trust and, in the alternative, asking damages if it should appear that the defendant in error had disposed of the property so that the same could not be redeemed. A demurrer was sustained to that portion of the petition praying for the recovery of damages, upon the ground that recovery of

damages was barred by the statute of limitation. In bar of the action, the defendant in error pleaded res judicata based upon the judgment rendered in above-mentioned action of trespass to try title, and also pleaded the four years' statute of limitation.

[1] The first assignment of error complains of the court's action in sustaining the demurrer to the prayer of the petition for damages. If any right to redeem the premises ever existed, the cause of action arose in 1905, and plaintiff in error's right to redeem the premises, or to recover damages in lieu of redeeming, was barred by the four years' statute of limitation, and trial court did not err in sustaining the demurrer.

[2] The remaining assignments of error are also overruled because the action was barred by the said statute, and he was also precluded from recovering upon any theory by the defendant's plea of res judicata.

The judgment is affirmed.