CANON v. SCOTT et al. (No. 9184.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 29, 1919. Rehearing Denied Jan. 10, 1920.)

1. MINES AND MINERALS ☞48—MINERALS PART OF REALTY.

Minerals such as oil are part of the realty.

2. TRESPASS TO TRY TITLE ☞32—NATURE OF ACTION NOT CHANGED BY ALLEGATION THAT DEFENDANT'S CLAIM CAST CLOUD ON TITLE.

Defendant's petition, which sounded in trespass to try title, was not changed by allegations that defendant's title was void, and that record thereof cast a cloud on the title of plaintiffs.

3. TRESPASS TO TRY TITLE ☞6(1)—PLAINTIFF MUST RECOVER ON STRENGTH OF HIS OWN TITLE.

In action for trespass to try title, plaintiff must recover on the strength of his own title, and not on want of title in defendant.

4. TRESPASS TO TRY TITLE ☞38(1)—DIRECTION OF VERDICT FOR PLAINTIFF ERRONEOUS.

In action of trespass to try title, where plaintiffs asserted title to one half interest in the lands and a contract for purchase of the other half, while defendant who pleaded not guilty also alleged ownership of an oil lease on the other half from record owner, the burden of proving title was on plaintiffs, and direction of verdict for them without proof of title was error.

5. APPEAL AND ERROR ☞843(4)—QUESTIONS AS TO PLEADING NOT REVIEWED ON REVERSAL FOR IMPROPERLY DIRECTING VERDICT.

Where the trial court improperly directed a verdict in favor of plaintiffs in trespass to try title, held, that the appellate court will not review rulings on special exceptions to defendant's answer which set up a lease to the land involved from the holder of the record title.

Appeal from District Court, Eastland County; Joe Burkett, Judge.

Action by J. M. Scott and another against M. B. Canon and others. From judgment for plaintiffs, the named defendant appeals. Reversed and remanded.

Norman, Shook & Gibson, of Rusk, for appellant.

Scott & Brelsford, of Eastland, and W. W. Ballew, of Corsicana, for appellees.

CONNER, C. J. The appellees, J. M. Scott and T. J. Carmody, instituted this suit on the 10th day of September, 1918, against W. H. Willis, Dr. M. B. Canon, and Festus Crysup in trespass to try title to recover an undivided one-half interest in 80 acres of land described in their petition. The petition was in two counts. The first was in the ordinary form of trespass to try title. In the second the plaintiffs specially pleaded their title to the undivided one-half interest sued for. In substance it was alleged in the second count that the plaintiffs, owning an undivided one-half interest, had contracted with W. H. Willis, the owner, for the other undivided one-half interest, Willis agreeing to convey by warranty deed, but that he, conspiring with the other defendants, had procured the defendant Crysup to execute a mineral lease for the recited consideration of $200, purporting to authorize the defendant Canon to secure all of the oil and gas belonging to the undivided one-half interest of Willis. A description of the lease was set out, and a prayer for its cancellation was made.

The judgment below was in favor of the defendant Willis and of the defendant Crysup, who disclaimed, and we will therefore not notice their answers. The defendant Canon, however, in his original answer pleaded not guilty, and specially pleaded to the effect that about the 1st day of March, 1918, Festus Crysup had the record title to the undivided one-half interest sued for, and that upon that date he (Canon), believing that Crysup had good and lawful title, paid to Crysup the sum of $200 in cash as the consideration for an oil and gas lease which was set forth in the answer. He averred

that he was a purchaser in good faith and prayed that his title be quieted.

The plaintiffs later, on the 22d day of November, 1918, filed an amended petition which in form was substantially as was the original petition; the amendment merely amplyfying the plaintiffs' special plea seeking to cancel the lease to the defendant Canon. The defendant Canon thereafter, on January 28, 1919, also amended, disclaiming as to an undivided one-half interest and pleading not guilty as to the other undivided one-half interest claimed by him under the Festus Crysup lease, which in a special count was again set forth, and which he prayed might be confirmed, etc.

On January 28, 1919, the plaintiffs filed a supplemental petition consisting of a general demurrer and of special exceptions to the special answer of defendant Canon, urging that the lease to Canon as set up in his answer amounted to no more than an option; that it presented no interest in the land; that it was of no force because unilateral; and that no time had been fixed for the maturity of the same, and it was void for lack of mutuality.

The case came on for trial, and the plaintiffs, upon the motion for the defendant Canon, were required to elect upon which count of their petition they would prosecute their suit. The plaintiffs thereupon elected to proceed upon the special count directed to the alleged invalidity of Canon's lease, and thereupon in the trial following Canon's general demurrer was overruled, but the court sustained the defendant's special exception to the lease set up by Canon. The judgment further recites:

"Defendant Canon elected to stand upon his pleading and did not amend, wherefore it is the opinion of the court that the lease contract pleaded by defendant Canon was not such title as would give him any enforceable interest in the mineral rights to the land in controversy, and that therefore the plaintiffs should recover of and from the defendant, and that plaintiffs should have, recover of and from the defendant Canon the land sued for, together with all the mineral rights therein, said land being described as follows," etc.

From the judgment so rendered the defendant Canon has duly appealed to this court.

[1-3] The record shows that no evidence was offered in behalf of the plaintiff, and we are of the opinion that the court erred in disposing of the case on demurrer. The suit was, we think, undoubtedly one of trespass to try title. It was expressly so denominated in the first count of plaintiffs' petition, and was none the less so, we think, because the plaintiffs in subsequent counts pleaded their title specially. In the special pleadings they sought to recover the minerals, which, under our decisions, are classified as part of the realty. Texas Co. v. Daugherty, 107 Tex. 226, 176 S. W. 717, L. R. A. 1917F, 989. In all counts of the petition, therefore, the leading object was to recover lands within the meaning of our law on the subject of trespass to try title, and the judgment actually rendered awarded to them such lands. The additional allegations that defendant's title was void and that its record had cast a cloud on the title of plaintiffs in no sense, we think, altered the real character of the action. Shepard v. Cummings, 44 Tex. 502; Rains v. Wheeler, 76 Tex. 390, 13 S. W. 324. Such being the case, we see no reason to doubt the application of the defendant Canon's plea of not guilty. Nothing is more clearly settled in our decisions than that the plea of not guilty casts upon the plaintiff the burden of proving his title if he recovers. It must be upon the strength of his own title, and not because of a want of title in the defendant. See Hooper v. Hall, 35 Tex. 82; Tally v. Thorn, 35 Tex. 727; French v. Olive, 67 Tex. 400, 3 S. W. 568; Devine v. Keller, 73 Tex. 364, 11 S. W. 379; Pratt v. Jones, 64 Tex. 694.

[4] In this connection it may not be amiss to observe that, according to the allegations of the plaintiffs' own special pleas of title, they only claimed the undivided one-half interest for which they sued by virtue of an alleged contract of sale from the defendant Willis, and the necessity of proving such title before they were entitled to recover was not removed by the fact that the defendant in his answer, among other things, set up his lease from the defendant Festus Crysup, claiming that he (Crysup) was the owner at the time of the execution of the lease. Our statutes provide that a defendant may plead as many several matters, whether of law or fact, as he may think necessary, provided that he shall file them all at the same time and in due order of pleading. We conclude, as before stated, that the court erred in rendering judgment as he did for the plaintiffs of the pleadings without proof, and for this error the judgment must be reversed, and the cause remanded.

[5] It may be thought that we should pass upon the court's rulings on the special exceptions to the defendant's answer. The rulings involved the validity of the lease under which the defendant Canon claims, and in the absence of all evidence and in the present attitude of the case, we regard the questions thus raised as unnecessary of decision, inasmuch as upon another trial the plaintiffs may fail to sustain their case, and, if so, the question of whether defendant Canon's lease is valid or invalid will be wholly immaterial.

For the error discussed, it is ordered that the judgment be reversed, and the cause remanded.