# FEBRUARY, 1933

W. C. BRUNSON ET AL. V. YOUNT-LEE OIL COMPANY ET AL.

No. 5883. Decided February 1, 1933.
(56 S. W., 2d Series, 1073.)

238

*H. A. Maynard,* of Liberty, for plaintiffs in error.

The Court erred in sustaining the general demurrers to Plaintiffs' First Amended Original Petition, it appearing from the record that on the date the County Court of Liberty County, Texas, finally entered the order appointing and approving C. C. Brunson, community administrator of the community estate of himself and his deceased wife, Mae Brunson, and on the date of the sale by him as such, the interest owned by the said Mae Brunson had descended to and become a vested property right in her heirs. Faris v. Simpson, 69 S. W., 1029; Farrar v. Byars, 250 S. W., 1048; Green v. Windham, 230 S. W., 726; Hales v. Peters, 162 S. W., 386; Bell v. Schwartz, 56 Texas, 353; Burnham v. Hardy Oil Company, 108 Texas, 555, 195 S. W., 1139; Carl v. Settegast, 211 S. W., 506; Clemmons v. McDowell, 5 S. W. (2d) 224; Cline v. Niblo, 8 S. W. (2d) 633; Johnson v. Harrison, 48 Texas, 257; Miller v. Miller, 227 S. W., 737; Morse v. Nibbs, 150 S. W., 766; Moore v. Wooten, 280 S. W., 742.

The Court erred in sustaining the general demurrers to Plaintiff's First Amended Original Petition, it appearing from the record that the land herein sued for is a part of the community homestead of Mae Brunson, and was not incumbered by any debts of any kind or character, and particularly those specified by the Constitution and Statutes of the State of Texas, on the date of the sale by C. C. Brunson as community administrator, and that the interest owned by Mae Brunson had descended to and become a vested property right in her heirs. Moody v. Butler, 63 Texas, 210; Roy v. Whitaker, 92 Texas, 346; Crawford v. Gibson, 203 S. W., 375; Farrar v. Byars, 250 S. W., 1048; Heard v. Vineyard, 212 S. W., 492; Jones v. Harris, 139 S. W., 69; Johnson v. Hampton, 117 Texas, 580, 8 S. W. (2d) 640; Ward v. Hinkle, 117 Texas, 566, 8 S. W. (2d) 641.

*Beeman Strong, A. D. Moore,* and *Orgain, Carol & Bell,* all of Beaumont, and *Harold R. Moore, Vinson, Elkins, Sweeton &*

*Weems,* and *C. M. Hightower,* all of Houston, for defendants in error.

Where a surviving husband duly qualifies as survivor of the community estate under and by virtue of the terms of the Revised Statutes of the State of Texas, such person may convey and pass good title to the community homestead, even though there are no community debts. National Lumber & Creosoting Co. v. Maris, 151 S. W. (Civ. App.) 325; Johnson v. Taylor, 43 Texas, 121; Dawson v. Holt, 44 Texas, 174; Cordier v. Cage, 44 Texas, 533; Morse v. Nibbs, 150 S. W., 766 (writ refused); Green v. Windham, 230 S. W., 726 (aff. 278 S. W., 1101); Tholl v. Speer, 230 S. W., 453; Advance-Rumely Thresher Co. v. Blevins, 248 S. W., 1086; Farrar v. Bayars, 250 S. W., 1048; Duberry v. Texas Life Insurance Co., 279 S. W., 285 (W. O. J.).

In refusing rehearing upon application for writ of error, the case of Cates v. Clark et al., 119 Texas, 519, 33 S. W. (2d) 1065, this court held that when the surviving spouse qualified as survivor in community that it followed that the authority existed to control, manage and dispose of the estate.

Mr. JUSTICE PIERSON delivered the opinion of the court.

For a brief and clear statement of the case we use the following from the brief for plaintiffs in error in the Court of Civil Appeals:

"This is a suit in trespass to try title, filed by appellants who were plaintiffs below, on the 21st day of January, 1930, for an undivided one-half interest in a tract of land containing 34.4 acres, being a part of the C. C. Brunson Survey, situated in Liberty County, Texas, for the recovery of one-half of the oil or the value thereof, produced therefrom, and for damages occasioned by reason of appellees' assertion of title to said undivided one-half interest, which prevented appellants from leasing same.

"The facts as alleged by plaintiffs in their first amended original petition, so far as they are material to this appeal, are:

"C. C. Brunson purchased from the State of Texas, 640 acres of land, known as the F. M. Gardner Survey No. 150, in 1897. The land herein sued for is a part of the Brunson 200 acres homestead tract situated in what is now known as the C. C. Brunson Survey in Liberty County, Texas. Mae Brunson died on June 16, 1902, leaving nine children surviving her. On the date of Mae Brunson's death, the community estate of C. C., and Mae Brunson was indebted to the State of Texas in the amount of Nine Hundred Thirty-six ($936.00) Dollars and in-

terest, as purchase money for the F. M. Gardner 640 acres, of which the land herein sued for is a part. On May 11, 1903, C. C. Brunson paid off the indebtedness due the State of Texas by funds derived from the sale of personal property belonging to the estate, from which time the community estate of C. C., and Mae Brunson has been free and clear of any and all kinds or character of indebtedness. On September 15, 1903, C. C. Brunson made application for and was duly qualified as com-munity administrator of the estate of himself and his deceased wife. On September 30, 1903, C. C. Brunson, individually and as such administrator, conveyed the north 338 acres of the Gardner 640 acres to Wm. J. Mettler, the land in controversy being a part thereof. On the date C. C. Brunson applied for administration, and on the date he qualified as administrator, as well as the date of his sale as such to Wm. J. Mettler, no debts or obligations of any kind existed against the community estate of C. C., and Mae Brunson."

Upon a hearing in the District Court of Liberty County the general demurrers of all of the defendants in error were sustained, and the cause dismissed. This judgment was affirmed by the Honorable Court of Civil Appeals at Beaumont, and the cause is now properly before the Supreme Court for disposition.

Plaintiffs in error predicate their appeal upon two propositions, as follows:

"No. 1. The Court erred in sustaining the general demurrers to plaintiffs' First Amended Original Petition, it appearing from the record that on the date the County Court of Liberty County, Texas, finally entered the order appointing and approving C. C. Brunson community administrator of the community estate of himself and his deceased wife, Mae Brunson, and on the date of the sale by him as such, the interest owned by the said Mae Brunson had descended to and become a vested property right in her heirs."

"No. 2. The Court erred in sustaining the general demurrers to plaintiffs' First Amended Original Petition, it appearing from the record that the land herein sued for is a part of the community homestead of Mae Brunson, and was not incumbered by any debts of any kind or character, and particularly those specified by the Constitution and Statutes of the State of Texas, on the date of the sale of C. C. Brunson as community administrator, and that the interest owned by Mae Brunson had descended to and become a vested property right in her heirs."

They quote and rely upon three Articles of our statutes as follows:

"Art. 2578 (2469) (1696) (1653). Community Estate. Upon the dissolution of the marriage relation by death, all property belonging to the community estate of the husband and wife shall go to the survivor, if there be no child or children of the deceased or their descendants; but if there be a child or children of the deceased, or descendants of such child or children, then the survivor shall be entitled to one-half of said property, and the other half shall pass to such child or children, or their descendants. But such descendants shall inherit only such portion of said property as the parent through whom they inherit would be entitled to if alive. (Acts 1887, p. 76; G. L., Vol. 9, p. 874).

"Art. 2579. (2470) (1697) (1654). Passes Charged With Debts. In every case, the community estate passes charged with the debts against it. (P. D., 5498)."

"Art. 3663. (3594) (2221) (2166). When Husband Shall Have Management. Where the wife dies or becomes insane, leaving a surviving husband and child or children, the husband shall have exclusive management, control and disposition of the community property in the same manner as during her lifetime, or sanity; and it shall not be necessary that the insane wife shall join in conveyances of such property, or her privy examination and acknowledgment to be taken to such conveyances, subject, however, to the provisions of this chapter. (Id.)."

The first two Articles quoted by plaintiffs in error are taken from Title 48, "Descent and Distribution." The third Article is taken from Title 54, "Estates of Decedents."

It is the view of plaintiffs in error that where there are no debts, title to one-half of the community property passes and vests absolutely in the children of the deceased spouse, and that same is not affected by subsequent Articles of the Statutes providing for community administration, and that the authority of a community administrator is limited to a sale of such property only for the purpose of paying debts. These Articles of the Statutes clearly empower the survivor to sell and dispose of the community property, regardless of the existence of debts.

Article 3664 provides that a surviving husband, within four years after the death of the wife, may file his application to be appointed community administrator of the estate of himself and his deceased wife, and states certain requisites. Article 3665 provides that the court shall appoint appraisers to appraise such estate. Article 3666 provides that an inventory

and appraisement shall be filed in the Probate Court. Article 3667 provides that the surviving husband shall give a bond, conditioned that he will pay over one-half of the surplus of the estate, after the payment of debts, to such person, or persons, as shall be entitled to receive it. Article 3668 provides that after such inventory and appraisement and bond have been returned to the county judge, and after same have been approved, he shall enter an order approving them, and shall also authorize such survivor to control, manage, and dispose of such community property in accordance with the provisions of the law.

Article 3669 is as follows:

"Art. 3669. (2600) (2227) , (2712). Survivor has control. —When the order mentioned in the preceding article has been entered, such survivor, without any further action in the county court, shall have the right to control, manage and dispose of such community property as may seem for the best interest of the estate and of suing and being sued with regard to the same, in the same manner as during the lifetime of the deceased; and a certified copy of the order of the court mentioned in the preceding article shall be evidence of the qualification and right of such survivor."

■ Subsequent Articles of the Statutes throw further safeguards around such community estates for the benefit of those interested therein. These Articles of the Statutes have been frequently passed on by the Court. In different forms they have existed since 1856, and even prior thereto some of their principles were applied. In all instances the courts have uniformly upheld these statutes and applied them to property situated as was the land sued for in this case, and have uniformly held that when a community survivor had qualified and filed his bond, as provided in these Articles of the Statutes, he had full freedom of control, management, and disposition of the estate, without intervention of the Probate Court. There are no decisions anywhere in the books to the contrary, and therefore we do not feel called upon to again write an extensive opinion thereon.

It is admitted that the survivor, C. C. Brunson, duly and properly qualified as the community administrator of the estate of himself and his deceased wife, Mae Brunson, and that in all respects the sale of the property by him thereunder was regular. Therefore title passed to the vendee of C. C. Brunson.

After the survivor has complied with the law governing his qualification, he is empowered not only to control and manage, but also to dispose of such community property, including the homestead of himself and his deceased spouse, as may seem for

the best interest of the estate. Dawson et al. v. Holt et al., 44 Texas, 174; Cordier et al. v. Cage et al., 44 Texas, 532; Morse et al. v. Nibbs, 150 S. W., 766 (writ of error refused).

■ Under the law of descent one-half of the property does pass to the child or children, but subject to administration as provided by the subsequent statutes. In 1875, in the case of Dawson et al. v. Holt et al., 44 Texas, 174, where there were no debts and the property sold by the surviving husband was a community homestead, in upholding a sale by such community survivor the Court observed:

"We are aware that this view of the law places the destinies and fortunes of the offspring in the power of the father, but in forming general laws and rules it is questionable whether any safer or more disinterested custodian of the rights and welfare of the child has ever been devised than that of the father. That this rule is liable to abuse is not a sound argument against it."

■ The plaintiffs in error would limit the powers and authority of a community administrator to those of an ordinary administrator. The authority and power given a community administrator are broad and conclusive. His bond and his fair dealing with the property are the protection given by the law to the minor children of the husband and his deceased wife. The children had no homestead rights in the property under the facts here which were superior to the "control, management and disposition" of the community property by the surviving husband as may seem for the best interest of the estate.

The District Court properly sustained the demurrers to the petition of plaintiffs in error. Therefore the judgments of the District Court and of the Court of Civil Appeals are affirmed.