## MAZZOLA et al. v. LUCIA.

### No. 3601.

Court of Civil Appeals of Texas. Beaumont.

Feb. 15, 1940.

Rehearing Denied April 10, 1940.

K. W. Stephenson, of Orange, for appellants.

Bruce & Bruce, of Orange, for appellee.

O'QUINN, Justice.

June 13, 1938, Annie Mazzola, joined by her husband, Bennedetto Mazzola, filed this

suit in the district court of Orange County, Texas, against Sam Lucia, in trespass to try title to recover the title ·and possession of lots 7 and 8 in block 52, and lot 12 in block 93 of the Amended Sheldon Survey of the City of Orange, Texas. Thereafter, on October 6, 1938, said plaintiffs filed their first amended original petition in trespass to try title to the property described in their original petition, and in the alternative to set aside a certain judgment theretofore rendered in cause 6754 in the district court of said Orange County, wherein Sam Lucia was plaintiff and Bennedetto Mazzola, Independent Executor of the estate of Mike Lucia, was defendant, involving the same parties and the same property, as in the instant suit. As grounds for annulling and setting aside the said judgment, plaintiffs alleged that said judgment was procured by defendant Sam Lucia against the plaintiffs Annie Mazzola and Bennedetto Mazzola, individually, and Bennedetto Mazzola as Independent Executor of the estate of Mike Lucia, deceased, by deception, misrepresentations and fraud, alleging the acts of fraud and misrepresentations in great detail.

On October 6, 1938, appellee, Sam Lucia, answered by general demurrer, general denial, plea of not guilty, and by plea of res adjudicata to the cause of action asserted to set aside the judgment mentioned in plaintiffs' amended petition.

June 16, 1939, Harry D. Wheeler, and his wife, Alma Wheeler, applied for permission to intervene, alleging that they, as Undertakers, were interested in the estate of Mike Lucia, deceased, in that they had a claim for burial services and furnishings against the estate, and thus sought recognition to assert said claim, and prayed for judgment accordingly. Permission to intervene was refused. In this there was no error.

Hearing on the pleadings of plaintiffs was had on October 6, 1938, and defendant Sam Lucia's general demurrer was sustained, and plaintiffs given permission to amend, and given until the January term of court, 1939, to make such amendment. At this term the cause was continued by consent of the parties. At the June term, 1939, plaintiffs amended their petition by interlineations, this by consent of the parties and the court. June 16, 1939, the cause was called and defendant's general demurrer was again sustained against plaintiffs' petition, and permission to further amend

was refused, and the cause dismissed. From that order we have this appeal.

We have concluded that the judgment should be affirmed. As stated appellants' petition was in trespass to try title, and in the alternative to set aside the judgment theretofore rendered in cause No. 6754, Mazzola v. Lucia, Tex.Civ.App., 109 S.W.2d 273, the district court of Orange County, involving the same parties and the same property as here. In that suit Sam Lucia sued Annie Mazzola and her husband Bennedetto Mazzola individually, and Bennedetto Mazzola in his capacity as independent executor of the estate of Mike Lucia, deceased, who was the father of Annie Mazzola and Sam Lucia, to obtain judgment on a note owed him by Mike Lucia, deceased, and to foreclose a mortgage on the property ·here involved given him by Mike Lucia at the time of the execution of the note, to secure the payment of the note. Annie Mazzola and her husband, on their exceptions, were dismissed from the suit, and the case was prosecuted to judgment against Bennedetto Mazzola as independent executor of the estate of Mike Lucia, deceased. Under this judgment foreclosing the mortgage the property was sold and bought in by Sam Lucia. The deed from the officer making the sale to Sam Lucia vested the title of Mike Lucia in Sam Lucia. The note was a debt against the Mike Lucia estate, and the Mazzolas had every opportunity to present every fraud fact plead by them in the present suit, but instead ·of presenting whatever defense they had, they refused to contest the matter in that suit and on their own motion were dismissed from the suit. Mazzola v. Lucia, Tex.Civ.App., 109 S.W.2d 273. Application for writ of error was refused. Appellants' petition herein disclosed the facts of the·judgment, foreclosure and sale and deed to Sam Lucia, and it thus became necessary for them to remove the deed to Sam Lucia under the foreclosure sale, before they could proceed to try the suit in trespass. Herndon v. Hayter, Tex. Civ.App., 28 S.W.2d 885, writ refused; Brunson v. Yount Lee Oil Co., Tex.Civ. App., 32 S.W.2d 893, affirmed 122 Tex. 237, 56 S.W.2d 1073. Lynch v. First Nat. Bank, Tex.Civ.App., 50 S.W.2d 418. The only interest Annie Mazzola had in the property was as an heir of her father, Mike Lucia, and as his title was vested in Sam Lucia by virtue of the foreclosure sale under the mortgage, appellants' petition on its face

disclosed no title in them. Not being entitled to set aside the judgment in cause 6754; and the consequent sale and deed to Sam Lucia, they could not maintain their suit in trespass.

The judgment is affirmed.