**BOYD et al. v. ORR.**

No. 6033.

Court of Civil Appeals of Texas. Texarkana.

April 14, 1943.

Rehearing Denied April 22, 1943.

Hurst, Leak & Burke and R. L. White-head, all of Longview, and C. W. Vickery, of Quitman, for appellant.

Florence, Florence & Meredith, of Gilmer, for appellee.

JOHNSON, Chief Justice.

This suit involves the title to the 7/8 oil and gas leasehold estate covering an undivided 1/2, less 1/32, interest in 10 acres of land situated in Wood County, Texas. The land was conveyed to "T. H. Boyd and wife, Idounia Boyd," by Rupert A. and Rubye Mae Cobb in 1936, in consideration of $210 cash in hand paid, and the execution of one note for $110 bearing 10% interest and due one year from date. The vendor's lien was retained in the note and in the deed against "only the Northeast 7 acres" of the 10 acres, securing payment of the note. The deed reserved to the vendors an undivided 1/32 of the minerals in the 10 acres. It was duly recorded. T. H. Boyd built a house on the land and occupied it with his family as their homestead until he died in 1939, intestate. His widow, Idounia Boyd, and their nine children, all minors, were his sole heirs. They have since lived on the land as their homestead. The community estate owed debts, a portion of which was due to state and county for taxes, amounting to $200. November 15, 1940, Idounia was appointed temporary guardian of the estate of the children, in the County Court of Wood County, cause No. 2553 on the docket of said court. She filed a bond and oath. The bond was approved. No further orders were entered until January 1, 1941, when upon application of Idounia alleging invalidity of the proceedings, an order was entered setting aside and vacating the order appointing her temporary guardian. Thereafter, on the same date, Idounia filed in said county court her application for appointment as community administratrix of the community estate of herself and deceased husband, T. H. Boyd. Appraisers were appointed and a report of the inventory, appraisement, and list of claims, and the community survivor's bond, were duly filed and approved, and the orders entered authorizing Idounia as such community survivor to control, manage, and dispose of such community estate according to law, same being cause No. 2563

on the docket of said court. The 10 acres of land was listed and appraised as community property. On the same day, Idounia as such qualified survivor executed an oil and gas lease, in usual terms, covering an undivided 1/2, less 1/32, interest in the 10 acres of land to B. B. Orr, in consideration of $3,000 cash, reserving to the lessor the usual 1/8 royalty. (Prior to qualifying as community survivor, Idounia had conveyed undivided mineral interests in the land aggregating 1/2 or more.)

April 21, 1941, on application of Idounia, an order was entered in said county court closing said community administration and discharging Idounia and the sureties on her bond from further liability. On the same date Idounia was appointed, and qualified, as guardian of the estate of said minors, being cause No. 2594 on the docket of said court.

April 28, 1941, Jewel Boyd, one of the nine minor children, having had her disabilities as a minor removed, executed an oil and gas lease purporting to cover her "undivided interest" in the 10 acres.

July 3, 1941, B. B. Orr filed the present suit in the District Court of Wood County against Jewel Boyd and Idounia Boyd, and against the eight remaining minor children, alleging an action of trespass to try title to said oil and gas leasehold estate in the 10 acres of land purchased by him from Idounia Boyd as community survivor.

March 6, 1942, Idounia as guardian of the estate of the eight remaining minor children filed in the County Court of Wood County a bill of review seeking to set aside, vacate and have declared for naught, all the orders in cause No. 2563 wherein she had qualified as community survivor. The bill of review is based upon the alleged grounds, in substance, that the county court was without jurisdiction or power in entering its order setting aside and vacating the appointment of Idounia as temporary guardian in cause No. 2553, because the 10 acres of land involved had been purchased with separate funds of T. H. Boyd, deceased, and was therefore his separate property; that the judgment of the county court purporting to set aside said temporary guardianship, thus having been entered without jurisdiction, was void, hence said temporary guardianship was still pending; that because of such pendency of said temporary guardianship in said cause No. 2553, and because the land involved was the separate property

of T. H. Boyd, deceased, the county court was without jurisdiction to enter the orders qualifying Idounia as community survivor in cause No. 2563; therefore the orders in No. 2563, qualifying Idounia as community survivor, should now be vacated and declared for naught. B. B. Orr answered the bill of review. Upon hearing in the county court the bill of review was denied. On appeal to the district court the bill of review was consolidated with the trespass to try title suit filed by B. B. Orr. No issue is raised as to the sufficiency of the pleadings filed in the consolidated suit, wherein Orr as plaintiff asserted his action in trespass to try title to said leasehold estate, alleged that he was an innocent purchaser, and had made valuable and permanent improvements to the extent of drilling a producing well on the land, and specially denied the facts pleaded by defendants. The defendants pleaded not guilty, asserted the bill of review, and by cross-action sought cancellation of the oil and gas lease, and alleged an action of trespass to try title. Trial of the cause before the court without a jury resulted in a judgment for plaintiff. Idounia as guardian of the eight remaining minor children appealed. The trial judge filed his findings of fact and conclusions of law.

Appellant rests her prayer for reversal of the trial court's judgment upon 11 points, the answers to which, as far as material, are included in a decision of the following three questions: (1) Did the trial court err in refusing to hold that the county court was without jurisdiction to enter the orders in cause No. 2563, wherein Idounia qualified as community survivor? (2) Did the trial court err in holding that appellee, Orr, was an innocent purchaser? (3) Did the trial court err in sustaining appellee's objections to the following question (and excluding the witness' answer thereto) propounded to appellant: "What would you have told B. B. Orr if he had inquired of you as to how you were claiming title to the land?" To which the witness, if permitted, would have answered: "I would have told him, 'bought with government money.' I did all the rest·that asked."

The first question above stated is raised by appellant's contention, in substance that, "A", because of the alleged pendency of the temporary guardianship, and "B", because the land was the separate property of T. H. Boyd, deceased, the county court was without jurisdiction to enter its order in cause No. 2563 qualifying Idounia as community survivor; therefore she was without legal authority as community survivor in executing the oil and gas lease to Orr. We are unable to agree with the contentions. Referable to contention "A", above stated: Appellant's attack on the order vacating the appointment of temporary guardian in cause No. 2553 is a collateral attack. The order attacked is regular on its face, therefore it is not void, and is not subject to the attack made. Furthermore, if such guardianship had been pending it would not have divested the county court of its jurisdiction and duty to enter the orders qualifying Idounia as community survivor. The power of the court and the right of the surviving spouse to qualify as community survivor is not dependent on the absence of the pendency of guardianship over the estate of the minor heirs of the deceased spouse. R.S. Title 54, Chap. 27; In re Chapman's Estate, Tex.Civ.App., 213 S.W. 989.

Referable to contention "B" above stated: We do not decide the question as to whether the orders entered by the county court qualifying Idounia as community survivor would have been void if the land in question had been wholly separate property of the deceased, and if there had been no community property. It is not necessary to decide that question, because the record before us shows that the community of Idounia and T. H. Boyd, at least, owned an undivided interest in the land. The land was paid for with separate property of T. H. Boyd, same being funds obtained by him from the Federal Government as a "soldier's bonus", which service as a soldier had been rendered by him prior to his marriage. As above stated, the deed from Rupert and Rubye Mae Cobb conveyed the land to "T. H. Boyd and wife, Idounia Boyd" for the consideration of $210 cash in hand paid and the execution of one vendor's lien note, in the principal sum of $110, due one year from date, recited in the deed. There is no showing in the deed or in the testimony, indicating that the vendors, Rupert and Rubye Mae Cobb, knew where the money came from that made the cash payment or that satisfied the deferred payment represented by the note. Nor is there anything in the deed, or in the testimony, tending to show an intention to acquire the land as separate

property of T. H. Boyd, or of any agreement or understanding between the parties to the deed that the vendors would look to the separate estate of T. H. Boyd for payment of the note.

■ Property acquired during marriage takes its status as separate or community at the very time of its acquisition, and such status is fixed by the facts of its acquisition at the time thereof. Smith v. Buss, 135 Tex. 566, 144 S.W.2d 529; Janes v. Gulf Production Co., Tex.Civ.App., 15 S.W.2d 1102, writ refused. Property acquired by purchase during marriage, whether the conveyance be in the name of the husband, or in the name of the wife, or in the name of both, is prima facie or presumptively community property. This presumption may be rebutted, except as to bona fide purchasers and contract lien creditors without notice. Generally such presumption is overcome by showing that the property was paid for at the time of its acquisition out of the separate estate of either the husband or the wife. If the land had been paid for, at the time of its acquisition, out of the separate estate of T. H. Boyd, a resulting trust would have arisen from such facts vesting an equitable estate in him as his separate property to all the land. Solether v. Trinity Fire Ins. Co., 124 Tex. 363, 78 S.W.2d 180. But before that portion of the title represented by the vendor's lien note can be held to belong to the separate estate of T. H. Boyd, even though it may have been subsequently satisfied out of his separate funds, it must be established, which was not shown, that it was agreed between the parties, vendors and vendees, to the deed at the time of its execution that the note would be paid out of his separate funds. The facts here presented constitute the note a community obligation. Property acquired on the credit of the community is community property. Since a community obligation constituted a part of its purchase price, the community estate acquired a part interest in the land. Gleich v. Bongio, 128 Tex. 606, 99 S.W.2d 881; Solether v. Trinity Fire Ins. Co., supra; Foster v. Christensen, Tex.Com. App., 67 S.W.2d 246.

■■ Did the trial court err in holding that, in acquiring title to the oil and gas leasehold estate from the qualified community survivor, appellee was a bona fide purchaser for value without notice of a claim that the land was purchased with separate funds of the deceased? Appellant contends that the holding was error, "because the property was separate and homestead of T. H. Boyd and occupied by Idounia Boyd and the minors at the time and the probate court had no jurisdiction to appoint a community administratrix over the property in this suit." We do not agree with the contention. Our opinion has already been expressed to the effect that the probate court was not without jurisdiction to appoint the community survivor. There remains to be determined whether the facts, that the separate estate of the deceased owned an equitable interest in a portion of the land, and that it was homestead of himself and family, and was occupied by his widow and minor children at the time, prevent appellee from being an innocent purchaser. The deed of record conveying the land to the husband and wife made it presumptively community property. The record title appeared as community property. Idounia had regularly qualified as survivor of the community. As qualified community survivor Idounia had full authority to sell the land even though it was homestead. Brunson v. Yount-Lee Oil Co., 122 Tex. 237, 56 S.W. 2d 1073; Fidelity Union Ins. Co. v. Hutchins, 134 Tex. 268, 133 S.W.2d 105, 135 S.W.2d 695. Appellee having purchased from a qualified survivor, without any knowledge or notice, actual or constructive, of such undisclosed interest of the separate estate of the deceased spouse, took good title as an innocent purchaser. Smith v. Buss, supra; Alexander v. Barton, Tex.Civ.App., 71 S.W. 71.

■ We do not believe that the trial court erred in excluding the question propounded to Idounia Boyd, and the answer thereto. In the absence of any notice of any fact or circumstance tending to rebut the presumption of community as reflected by the deed conveying the land to the husband and wife, appellee was not charged with the duty to inquire of Idounia as to how she was claiming title to the land. As support of her contention that appellee was required to make such inquiry, appellant relies on Collum v. Sanger Bros., 98 Tex. 162, 82 S.W. 459, 83 S.W. 184, and Ramirez v. Smith, 94 Tex. 184, 59 S. W. 258. Those cases hold, in effect, that where land is in the actual and visible possession of a third person, a purchaser from the record owner is charged with constructive notice of the equities of such possessor, even though his possession may

not appear inconsistent with the apparent title by the vendor. This rule is not applicable to the facts here presented. In the present case the vendor as community survivor was in actual and visible possession of the land herself, occupying it at the time of the sale; and as such qualified community survivor she apparently held perfect title to the land, with full authority to convey it. In such circumstances appellee was not required to make further inquiry. 43 T.J. 159 et seq. The fact that the children, all minors at the time, were living with their mother on the land, if such can be characterized as a possession on their part, is not the character of possession as would constitute constructive notice of their equities arising from the undisclosed fact that their father had paid for a portion of the land with his separate funds. Strong v. Strong, 128 Tex. 470, 98 S.W.2d 346, 109 A.L.R. 739.

We have examined all the assignments of error and propositions presented by appellant and find no reversible error.

Judgment of the trial court is affirmed.