Aline H. KENDRICK et al., Appellants,

v.

TIDEWATER OIL COMPANY et al.,
Appellees.

No. 109.

Court of Civil Appeals of Texas.

Tyler.

Feb. 11, 1965.

Rehearing Denied March 4, 1965.

Ross H. Hemphill and Michael H. Sebastian, McCulloch, Ray, Trotti & Hemphill, Dallas, for appellants.

Jack Brandon, Houston, for Tidewater Oil Co.

Wallace G. Malone, Dallas, for Texaco, Inc.

DUNAGAN, Justice.

This is a trespass to try title suit brought by appellants against Tidewater Oil Company and Texaco, Inc., appellees herein, and Nettie Hunt, A. E. Burgin, Lasca, Inc. and John J. Reynolds in which appellants sought to recover an undivided one-half mineral interest in a 73½ acre tract of land in Anderson County, Texas. Appellees and the defendants, Nettie Hunt and A. E. Burgin, moved for summary judgment. The trial court granted all such motions and entered interlocutory decrees that appellants take nothing against appellees and the defendants, Nettie Hunt and A. E. Burgin. Appellants then took a voluntary non-suit against the defendants, Lasca, Inc. and John J. Reynolds, and thereupon the trial court entered a final judgment that appellants take nothing against appellees and the defendants, Nettie Hunt and A. E. Burgin. Appellants have appealed the final judgment of the trial court only insofar as it granted summary judgment in favor of appellees.

In the trial court appellants, in addition to the formal trespass to try title counts, pleaded their title specially, alleging that they were the owners of an undivided one-half mineral interest in a 73½ acre

tract of land in Anderson County, Texas, and that the mineral interest claimed by appellants was "the undivided one-half ($\frac{1}{2}$) interest other than the undivided one-half ($\frac{1}{2}$). interest in said oil, gas and minerals in and under said land leased by Lou Ella Harton, Individually (and not as Community Survivor of the community estate of herself and deceased husband, Sidney Harton) to E. H. Van Patten on July 7, 1933, * * *" Appellants also alleged that the four defendants other than appellees claim to own a portion of the mineral interest in the 73½ acre tract and that appellees claimed to own an oil and gas lease covering the undivided one-half mineral interest claimed by appellants "by virtue of· that certain oil and gas lease dated July 7th, 1933 from Lou Ella Harton, for herself individually and as Community Survivor of the community estate of herself and deceased husband Sidney Harton, * * *" Appellants further alleged that community administration taken out by Lou Ella· Harton on the community estate of herself and her deceased husband, Sidney Harton, ceased to exist many years before Lou Ella Harton executed said oil, gas and mineral lease of July 7, 1933, because all· debts of the community estate had long since been paid, and that the 73½ acre tract in question was purchased with community funds.

At the hearing on the motions for summary judgment, the following undisputed facts were established:

Appellants, Aline H. Kendrick, Cecyl Harton Stanley, and Verlee S. Harton Fry, who, joined by the respective spouses of Cecyl and Verlee, were plaintiffs in the trial court, are the daughters of Sidney Harton and his wife, Lou Ella Harton. Sidney Harton died intestate on November 23, 1919, survived by his wife and these three daughters. On December 31, 1919, Lou Ella Harton, after having duly qualified, was appointed community administratrix of the community estate of herself and her deceased husband.

Both appellants and appellees claimed title to the 73½ acre tract under the following conveyances and instruments emanating from R. A. Johnson and wife, Frances Johnson, who were stipulated to be the common source· of title.

On or about December 6, 1919, R. A.. Johnson and wife, Frances Johnson, executed a deed conveying the 73½ acre tract in controversy to Alfred W. Johnson. In this deed R. A. Johnson and wife reserved a vendor's lien to secure payment. of a $1,750.00 note given by Alfred W. Johnson, said note being payable one year after the date of the deed. · On March 22, 1920, this note and the vendor's lien securing it were transferred to Mrs. Lou: Ella Harton.· At the same time the $1,750.-00 note was extended to December 6, 1926.. By deed dated January 30, 1927, A. W.. Johnson (the same person as Alfred W. Johnson) and wife conveyed said 73½· acre tract to Mrs. Lou Ella Harton. On July 7, 1933, "Lou Ella Harton, for herself individually and as community survivor of the community estate of herself and deceased husband, Sidney Harton," executed an oil and gas lease to E. H. Van Patten describing and purporting to· cover said 73½ acre tract and two other tracts of land in Anderson County, Texas. By mesne conveyances emanating from. E. H. Van Patten, title to this lease became vested in appellees.

At the time said oil and gas lease of July 7, 1933, was executed, no partition or other action to terminate the powers of Lou Ella Harton had been asked for or had in the community administration proceedings.

On these undisputed facts appellees' motion for summary judgment was granted.. On these same facts motions of the defendants, A. E. Burgin and Nettie Hunt, who claimed mineral interests in said 73½ acre tract under mineral conveyances from Lou Ella Harton, executed in 1933. and 1934, respectively, also were granted..

Appellants' sole point of error presented to this court is that "the trial court erred in rendering summary judgment in favor of appellees for the mineral leasehold estate in the land in this suit, because there was a genuine issue of fact raised in the pleadings, and because there were no affidavits as to payment of delay rentals or affidavits of royalty for mineral production which would keep said oil, gas and mineral lease in force after the primary term thereof."

Appellees counter with the following points:

First, "Appellants are barred from prosecuting this appeal because the portion of the trial court's judgment for which they took no appeal is now final, and the portion of such judgment which is now final determined that Appellants have no title to the mineral interest they are claiming in this suit."

Second, "The title pleaded by Appellants raised no issue as to whether Appellees' oil and gas lease remains in force, and therefore a showing that such lease remains in force was not required to sustain Appellees' motions for summary judgment."

Third, "The theory upon which this case was submitted in the trial court raised no issue as to whether Appellees' oil and gas lease has been maintained in force and Appellants cannot raise this issue for the first time on appeal."

Fourth, "The trial court was correct in granting Appellees' motion for summary judgment because the pleadings and evidence show that there is no genuine issue as to any material fact and that, as a matter of law, Appellants are not entitled to recover in this suit."

The oil, gas and mineral lease from Lou Ella Harton to E. H. Van Patten dated July 7, 1933, was for a primary term of 10 years from the date thereof.

Appellees' motion for summary judgment contained no supporting affidavit in connection with the payment of delay rentals or the payment of royalties for production under said oil, gas and mineral lease.

It is appellants' contention that the failure of appellees to attach such affidavit to their motion for summary judgment and there being no other evidence offered that the primary term of said oil, gas and mineral lease had not expired, that this became a fact issue to be determined by the trier of the facts. As hereinbefore stated, appellants brought this suit in trespass to try title to recover the undivided one-half mineral interest claimed by them in their petition. All defendants responded to appellants' petition with pleas of not guilty. Thus, there was put in issue the title to the entire one-half mineral interest claimed by appellants. In Halbert v. Green, 156 Tex. 223, 293 S.W.2d 848, the court said:

"Petitioner's general plea in trespass to try title and respondents' plea of not guilty put in issue the title to the entire ⅛th mineral interest, and the effect of the 'take nothing' judgment was, as between the parties, to divest all title to the entire interest out of petitioner, Halbert, and to vest the same in respondents Green. * *" Also see Hejl v. Wirth, 161 Tex. 609, 343 S.W.2d 226; Permian Oil Co. v. Smith, 129 Tex. 413, 73 S.W.2d 490.

Appellants' petition affirmatively alleged that as between appellants and the defendants, Nettie Hunt, A. E. Burgin, Lasca, Inc. and John J. Reynolds, this one-half mineral interest was in issue and that as between appellants and appellees the mineral leasehold estate on such undivided one-half interest was in issue. The voluntary dismissal by appellants of the defendants, Lasca, Inc. and John J. Reynolds, from the suit left only appellees, Nettie Hunt and A. E. Burgin as defendants in the suit. On April 21, 1964, the trial court entered judgment that appellants take nothing by their suit against appellees and the defendants, Nettie Hunt and A. E.

Burgin. The effect of this judgment was to divest all title to the undivided one-half mineral interest in issue out of appellants and to vest it in the defendants, Nettie Hunt and A. E. Burgin, and to vest the oil and gas leasehold estate covering such undivided one-half mineral interest in appellees. Halbert v. Green, supra; Hejl v. Wirth, supra; Permian Oil Co. v. Smith, supra; Appellants did not appeal the trial court's judgment insofar as it adjudicated that they take nothing against the defendants, Nettie Hunt and A. E. Burgin, and such judgment that appellants take nothing against these two defendants, became final 30 days after its rendition. Rule 329b, Texas Rules of Civil Procedure. The portion of a judgment awarding a recovery to one party from which no appeal is taken is final on the appeal and all subsequent litigation. Speckels v. Kneip, 170 S.W.2d 255, (Tex.Civ.App.) 1942, writ refused; Aetna Casualty & Surety Co. v. Woodward, 41 S.W.2d 674, (Tex.Com.App.); 34 Tex.Jur.2d 523, Section 472.

■ The final adjudication that the undivided one-half mineral interest claimed by appellants is not owned by them, but instead is vested in the defendants, Nettie Hunt and A. E. Burgin, is binding on them, and forever bars appellants from asserting such title against anyone who was a party to the suit. Vernon's Ann.Civ.St., Article 7391; Stark v. Hardy, 29 S.W.2d 967, (Tex. Com.App.) 1930; Maury v. Keller, 53 S.W. 59 (Tex.Civ.App.) writ refused; Port Aransas Properties, Inc. v. Ellis, 129 S.W. 2d 699, (Tex.Civ.App.) 1939, writ dismissed, judgment cor.; McClellan v. Pye, 142 S.W. 99 (Tex.Civ.App.1912), writ refused. Thus, appellants on this appeal have no title to the undivided one-half mineral interest they seek to recover from appellees, such title having been determined by final judgment of the trial court to be vested in the defendants, Nettie Hunt and A. E. Burgin.

■ Further, the final judgment of the trial court also bars appellants from as-

serting the title they claim on this appeal because issues upon which such title depends were determined adversely to them by the portion of the trial court's judgment from which they did not appeal. Appellants' petition shows that their suit against all defendants was based on the same contention. The record on this appeal shows clearly that the theories upon which the same was submitted to the trial court and issues on which the case was decided between appellants and appellees on the one hand and between appellants and defendant, A. E. Burgin, on the other hand were identical. The final judgment in favor of A. E. Burgin determining that appellants do not have the title they claim, therefore, is now res judicata, and precludes appellants from asserting such title against appellees. V.A.C.S., Article 7391; Toole v. Christ Church, Houston, 141 S.W.2d 720, (Tex.Civ.App.) 1940, writ refused, a trespass to try title case in which the court, upholding a plea of res judicata, stated:

> "It is apparent from plaintiff's petition in said cause No. 95827 (the former suit) that the same issues were before the court in that case as are presented for adjudication in this case, with the exception of the issues of limitations, * * *.

> "A party losing under a valid judgment in an action of trespass to try title is precluded thereby from asserting title to the land in controversy through any fact that existed at the time that judgment was rendered. * * * These issues having been adjudicated in the former suit, appellant is precluded from again raising them in this cause."

■ Appellants cannot be aggrieved by the judgment in favor of appellees awarding the leasehold title to minerals in which they have no interest. Hunt v. Burrage, 84 S.W.2d 1098, (Tex.Civ.App.) 1935, writ dismissed. In the case of

Schwarz v. Smith, 160 Tex. 280, 329 S.W. 2d 83, the Supreme Court said:

"Petitioners have now had a full and adequate hearing and it has been determined that they had no interest in the land involved. It follows that as petitioners had no title, they were not prejudiced by the 1954 judgment, regardless of its nature, be it characterized as valid, voidable or void."

An appeal will be dismissed when the appellant is not aggrieved by the judgment or order and is not therefore entitled to appeal, as where he does not have the direct and positive interest in the proceedings which could be prejudiced by the judgment appealed from. Tex.Jur.2d, page 204, Section 701; In re Glynn's Estate, 62 S.W. 2d 1019 (Tex.Civ.App.) writ refused; Hawley v. Whitaker, 33 S.W. 688 (Tex.Civ. App.) no writ history; Hunt v. Burrage, supra; Onion v. Cain, 64 S.W.2d 418, (Tex.Civ.App.) no writ history.

As shown by the statement of the case above, appellants in this suit pleaded their title specially, alleging that they owned an interest in the 73½ acre tract because Lou Ella Harton purchased this tract with community funds. In essence, their contention was that as heirs of their deceased father they owned a one-half interest in these funds, and that the use of such funds in the purchase operated to vest in them an undivided one-half interest in such tract on a theory of resulting or constructive trust. Appellants' suit is in no wise based on the proposition that appellees' oil and gas lease has not been maintained in force, and no issue as to whether such lease had been maintained in force was raised either in the pleadings or in the evidence. The record shows that at the trial court appellants pleaded and contended that the oil and gas lease owned by appellees was never effective to cover the undivided one-half interest appellants claimed in the 73½ acre tract. This was the sole theory of their suit, and their right to recover is limited to the title they pleaded.

Brunson v. Yount-Lee Oil Co., 32 S.W.2d 893 (Tex.Civ.App.), affirmed 122 Tex. 237, 56 S.W.2d 1073; Franzetti v. Franzetti, 124 S.W.2d 195, (Tex.Civ.App.) 1939, writ refused; Ulmer v. Ulmer, 139 Tex. 326, 162 S.W.2d 944; Bute v. Stickney, 160 S.W.2d 302, (Tex.Civ.App.) 1942, writ refused, W.O.M.; Barnhart v. San Antonio Joint Stock Land Bank, 124 S.W.2d 207, (Tex. Civ.App.1939), no writ history.

The facts in Brunson v. Yount-Lee Oil Co., supra, are strikingly similar to the case at bar. The Court of Civil Appeals sustained a general demurrer to plaintiff's petition, saying:

"* * * Appellants (i. e., plaintiffs) specially pleaded their title, and it is clear from the allegations of their petition that the only title which they assert to the land in controversy is that inherited by them through their deceased mother as a portion of the community estate.

"* * * Appellants having specially pleaded their title are confined to proof of that title, and, it appearing from their petition that the title pleaded was not good, the general demurrers should have been and were properly sustained. * * *"

In Franzetti v. Franzetti, supra, the plaintiff sued in trespass to try title alleging a parol gift of land. The trial court instructed a verdict against the plaintiff on the theory that plaintiff failed to prove on the elements required to sustain a parol gift. On appeal plaintiff contended that even if the evidence did not sustain the parol gift to her, nevertheless, it was sufficient to raise a constructive trust in her favor or to raise a homestead interest in her behalf. The Court of Civil Appeals denied both of these contentions saying:

"Neither of these contentions can be sustained. There was no pleading by appellant on which to predicate either. * * *

"It is * * * settled rule that where a plaintiff sues in trespass to try title and in addition thereto pleads his title specifically, he is bound by the title relied upon in the special plea, and cannot thereafter rely on his formal plea of trespass to try title. * * * it is clear that the pleadings of both parties confined the issues of this suit entirely and exclusively to that of title by parol gift. The pleadings raised that issue only and the case was tried and the evidence introduced on that theory only. Under such circumstances, and the well settled rule above stated, we think appellant's right of recovery is confined to this issue. She nowhere pleaded any homestead right * * *; nor the establishment of a parol trust in the property for her benefit. Consequently she cannot now be heard to say that, under her general plea of trespass to try title, the evidence raised these issues."

Not only did appellants plead their title specially, thus limiting their right to recover to the title pleaded, but the case was submitted to the trial court on the title so pleaded. It is well established that parties on appeal are restricted to the theory on which the case was tried in the court below. 3 Tex.Jur.2d 628, Sec. 371; House v. Rogers, 23 S.W.2d 414 (Tex.Civ.App.), affirmed Rogers v. House, 39 S.W.2d 1111, (Tex.Com.App.).

The undisputed facts established by appellees at the hearing on the motions for summary judgment showed that appellants were not entitled to recover on the title they pleaded because at the time Lou Ella Harton executed appellees' oil, gas and mineral lease she was a duly qualified community administratrix of the estate of herself and her deceased husband and as such qualified community administratrix she had full power to execute said oil and gas lease binding on the entire mineral estate in the 73½ acre tract. Brunson v. Yount-Lee Oil Co., supra; Fidelity Union Ins. Co. v. Hutchins, 134 Tex. 268, 133 S.W.2d 105; Drought v. Story,

143 S.W. 361, (Tex.Civ.App.1912), (writ refused); Todd v. Shell Petroleum Corporation, 85 S.W.2d 1049, (Tex.Civ.App.) 1935, writ refused; and Walker v. Koger, 131 S.W.2d 1074, (Tex.Civ.App.1939), writ dismissed, judgm. cor.

It is elementary that in a trespass to try title suit the plaintiff must recover on strength of his own title, and not on the weakness of the defendant's title. 56 Tex.Jur.2d 69–70, Section 7 and cases cited therein at notes 11 and 12. Since the undisputed facts in this case show that appellants were not entitled to recover on the title they pleaded, the summary judgment in favor of appellees was proper and should be sustained. Harper v. Fikes, 336 S.W.2d 631, 636, (Tex.Civ.App.) 1960, writ refused, n. r. e.; Mueller v. Banks, 332 S.W.2d 783, (Tex.Civ.App.) 1960, no writ history; Willoughby v. Jones, 151 Tex. 435, 251 S.W.2d 508; Baxter v. Beaupre, 295 S.W.2d 718, (Tex.Civ.App.) 1956, no writ history; Schroeder v. Texas & Pacific Ry. Co., 243 S.W.2d 261, (Tex.Civ.App.) 1951, no writ history.

In support of their point of error, the appellants have cited the cases of Archer v. Skelly Oil Company, 314 S.W.2d 655 (Tex.Civ.App.), writ refused, n. r. e. in 159 Tex. 154, 317 S.W.2d 47; Whelan v. Manziel, 314 S.W.2d 126, (Tex.Civ.App.) and Mitchell v. Simms, 63 S.W.2d 371, (Tex. Com.App.). In all three of these cases the very point and issue was whether the oil, gas and mineral leases involved had been maintained in force as to all or part of the acreage covered thereby. In the instant case, the issue was not whether appellees' oil, gas and mineral lease had been maintained in force, but whether appellees' lease was ever effective to cover the interest appellants claimed in the 73½ acre tract. Further, the undisputed evidence shows that appellants do not have the title to the undivided one-half mineral interest asserted by them. Under these circumstances, the question of whether appellees' oil, gas and mineral lease has been maintained in force is immaterial. Canon v.

Scott, 217 S.W. 429, (Tex.Civ.App.) 1920, no writ history, where, in a trespass to try title suit by a plaintiff seeking to recover a tract of land against an oil and gas lessee and others, the court held that if the plaintiff fails to establish his title, the question of whether the defendant's oil, gas and mineral lease is valid is "wholly immaterial;" Niendorff v. Wood, 149 S.W.2d 161, (Tex.Civ.App.) 1941, writ refused.

Appellants' point is overruled. Based on the record before us, we have concluded that the law controlling this case supports the contention of the appellees and that the judgment of the trial court should be affirmed.

Judgment affirmed.