375 S.W.2d 900 (1964)
In re ESTATE of Nora A. PRICE, Deceased.
Herbert R. STONE, Petitioner,
v.
The STATE NATIONAL BANK OF EL PASO, Independent Executor of the Estate of Nora A. Price, Deceased, Respondent.
No. A-9784.
Supreme Court of Texas.
January 22, 1964.
Rehearing Denied March 18, 1964.
*901 Guinn & Guinn, Al Truex, El Paso, for petitioner.
Scott, Hulse, Marshall & Feuille, El Paso, for respondent.
CULVER, Justice.
The last will and testament of Mrs. Nora A. Price, a widow, was admitted to probate by the county court. Her son, Herbert R. Stone, contested the validity of this will on the grounds of lack of testamentary capacity and undue influence. On his appeal the District Judge granted the proponent's motion for summary judgment on the issue of testamentary capacity and submitted the question of undue influence to a jury. On the verdict of no undue influence, judgment was entered ordering that the will be admitted to probate and confirming the appointment *902 of The State National Bank of El Paso as independent executor of the will without bond. On appeal the Court of Civil Appeals affirmed. 369 S.W.2d 647.
The problem presented here is solely that of the correctness of the summary judgment entered by the trial court on the matter of testamentary capacity. Some time prior to 1958 Mrs. Price had been duly adjudged of unsound mind. On February 25, 1958, she appeared in person and by her attorney before the County Judge of El Paso and by judgment regularly entered was held to be restored to her right mind and to be then of sound mind.[1] Immediately thereafter and on the same day, she signed and executed this will in the presence of her attorneys and other witnesses and the County Judge himself. The will bequeathed $1.00 to the contestant, and devised and bequeathed to The State National Bank of El Paso in trust all of the residue and remainder of her estate for the benefit of her disabled brother with remainder to a friend. The will was attested by three witnesses and was acknowledged by the testator and the affidavits of the attesting witnesses were duly made before a notary public in conformity with § 59 of the Probate Code which provides for the formalities required to constitute a selfproved will which accordingly may then be admitted to probate without the testimony of any subscribing witness, thus creating the presumption that the testatrix was of sound and disposing mind and memory. Mrs. Price died in El Paso on January 14, 1960.
The contestant alleged that prior to the date of the execution of the will as the result of an injury, Mrs. Price became of unsound mind, never regained her mental faculties and did not possess legal capacity to execute a valid will on February 25, 1958, and further that she was suffering from insane delusions to the effect that the contestant had placed her in a nursing home for the purpose of obtaining her property. The record shows that the then husband of Mrs. Price, the father of contestant, had absconded with him when he was an infant and Mrs. Price had not seen this son thereafter for more than 30 years.
The sole ground asserted in proponent's motion for summary judgment was the proposition that the order of restoration was conclusive on the court and on all parties as to the issue of testamentary capacity on the part of Mrs. Price as of the time it was entered and for the remainder of the day. Attached to the motion were certified copies of the will and the order.
The Court of Civil Appeals was of the opinion that the judgment of restoration was not conclusive of Mrs. Price's status at the time of its entry but that it merely removed a prior adjudication to the contrary and created a rebuttable presumption of sanity, agreeing with the holding in the case of Johnson v. Pilot Life Ins. Co., 217 N.C. 139, 7 S.E.2d 475, 128 A.L.R. 1375. However, the court upheld the summary judgment for the reason that the contestant did not by affidavit or otherwise rebut the presumption of sanity on the part of Mrs. Price that resulted from the judgment of restoration. The contestant asserts that since the motion for summary judgment comprehended only a question of law, he was not required, therefore, to file any rebuttal of the presumption of sanity.
Our Courts of Civil Appeals have held that a judgment of restoration is conclusive of the party's status as of the time the judgment is rendered and creates a rebuttable presumption of sanity thereafter. Mitchell v. Inman, 156 S.W. 290, Tex.Civ.App., wr. ref.; Starnes v. Campbell, 119 S.W.2d 116, Tex.Civ.App., wr. dism.; Holt v. Hedberg, Tex.Civ.App., 316 S.W.2d 955, no writ history. The holding in these cases is that limitations against an action to set aside a conveyance of real estate begins to run from the date of the grantor's restoration to sanity by regular proceedings in the county court, for the grantor must be conclusively *903 presumed to be of sound mind on that day of the restoration. This rule of law is also recognized in decisions from other jurisdictions such as Roberts et al. v. Washington Trust Co., 313 Pa. 584, 170 A. 291; Cathcart v. Stewart, 144 S.C. 252, 140 S.E.2d 498; Bradburn v. McIntosh, 10 Cir., 159 F.2d 925.
In Tipton v. Tipton, Tex.Civ.App., 140 S.W.2d 865, wr. dism. judg. cor., a suit brought to set aside a deed on the ground of mental incapacity on the part of the grantor, the issue of capacity was submitted to a jury notwithstanding the fact that the grantor was adjudged to have been restored to sanity on the same day the deed was executed. In that case the court merely expressed the opinion that it was not established as a matter of law that the grantor was without sufficient mental capacity since she was adjudged to have been restored to sanity on the same day the deed was executed. It is to be inferred that the court was of the opinion that the judgment was not conclusive on that day, but only created a presumption of sound mind.
None of these cases, nor any others that research has furnished, pass upon the precise question here presented in connection with the probate of a will. Our Probate Code, § 88, (formerly Art. 3348) provides that, notwithstanding the general rule that in law a person is presumed to be of sound mind until the contrary is shown, before a will may be admitted to probate it must be proved that the testatrix was of sound mind at the time of its execution, unless the will is self proved as provided elsewhere in the Code.[2] Of course the self proving provisions have only the effect of authorizing the substitution of affidavits in lieu of testimony offered before the court.
In the light of this legislative procedural requirement, we believe that a case involving the probate of and the contest of a will is to be distinguished from those cases which hold that the legal restoration of a person of sound mind is conclusive on the day of the restoration in so far as the applicability of the statute of limitations is concerned. The substantive rights of a litigant to a trial of the issues would seem to be more fundamental than the application of the bar of limitations, especially so in view of the statutory exceptions to the general rule. In such a case as we have here, the order of restoration should place the testatrix in no better position than one whose sanity had never been questioned or whose soundness of mind had never been determined adversely. We therefore hold that in a will contest case, a judgment of restoration to sanity is not conclusive on the question of mental status even during the day in which the judgment is entered.
We turn to the point upon which this application for writ of error was granted. The sole proposition advanced by the proponent in his motion for summary judgment was that the order of restoration was conclusive on the court and on all parties as to the issue of the mental status of the testatrix. The contention of the contestant is that the motion only presented a question of law and he was therefore not required to file a controverting affidavit raising the fact issue of testamentary incapacity of the testatrix.
It has been said that if the case be one wherein summary judgment is warranted the court is not limited to the grounds stated in the motion, but may grant the judgment upon some different basis. McDonald, Texas Civil Practice, Vol. 4, § 17.26.2.
For instance, if it affirmatively appears from the pleadings, admissions, depositions and affidavits that there is no issue as to any material fact upon which the outcome of the litigation depends, then summary judgment is the proper remedy even though it be granted upon a ground different *904 from that specified in the motion. Broderick Wood Products Co. v. United States, 195 F.2d 433, 10th Cir., (1952). That is to say in such a case where there could be no fact issue, to reverse would be a fruitless procedure.
The motion for summary judgment may be compared to a motion for an instructed verdict which should state the specified grounds relied upon therefor. Rule 268, Texas Rules of Civil Procedure. But where the motion for instructed verdict has been sustained by the court that action will not be considered reversible error for the sole reason that the motion failed to state the specific grounds upon which the order was based. If there are no fact issues raised by the evidence to be submitted to the jury the court can, of its own volition, instuct a verdict for one of the parties. Rudco Oil & Gas Co. v. Gulf Oil Corp., Tex.Civ.App., 169 S.W.2d 791, ref. w. o. m.; Baylor v. Eastern Seed Co., Tex. Civ.App., 191 S.W.2d 689.
There was no indication to the contestant, prior to the entry of the order, that the court would uphold or deny the motion for summary judgment upon any other ground than on the question of law raised in the motion, and we are convinced that the court based the order solely upon his opinion that the restoration judgment conclusively established that the testatrix possessed the necessary testamentary capacity. The order contains the following recitation:
"It is accordingly specified that there is no substantial controversy as to the following issues:
"(1) That Nora A. Price is dead and that she died in El Paso, Texas on January 14, 1960.
"(2) That on February 25, 1958, Nora A. Price executed the instrument on file herein dated February 25, 1958 and designated therein as her Last Will and Testament.
"(3) That on February 25, 1958, Nora A. Price was the subject of restoration proceedings had in Probate Cause No. 14633, styled Guardianship of Nora A. Price, in the County Court of El Paso County, Texas, and that an order of restoration as to her status was on that day duly signed and rendered by the Judge of said Court.
"(4) That on February 25, 1958, the late Nora A. Price possessed the testamentary capacity and sound mind required to execute a valid will under the laws of the State of Texas and further, on such date she was not suffering from any insane delusions."
The summary judgment rule, 166-A, has been somewhat strictly construed against the movant. It has been held that the courts should accord the party resisting the summary judgment more indulgence. Whelan v. State, Tex.Civ.App., (1952) 252 S.W.2d 271. The purpose of the rule is to eliminate patently unmeritorious claims, or untenable defenses and to avoid delays of trial where there is no genuine issue of fact. It was never intended to deprive litigants of their right to a full hearing on the merits of any real issue of fact. The summary judgment is to be applied with caution and will not be granted where there is doubt as to the facts. Although the prompt disposal of judicial business is greatly to be desired, that is not the main objective. Penn v. Gulbenkian, 151 Tex. 412, 252 S.W. 2d 929.
It must be assumed that the contestant filed his petition in good faith, and would have undoubtedly filed a controverting affidavit had it been indicated that any question other than one of law was being presented to the court for determination or that the court would take into consideration in passing upon the motion any matters not therein urged. We believe that the summary judgment rule does not contemplate that under such circumstances, contestant's right to a trial would be foreclosed.
We therefore reverse the judgments of the trial court and of the Court of Civil *905 Appeals and remand the cause for a trial upon the issue of testamentary capacity.
GRIFFIN and HAMILTON, JJ., dissent.
GRIFFIN, Justice (dissenting).
I dissent because in my opinion the judgment restoring Mrs. Price to sanity and the self-proving will, both of which were attached to the proponent's affidavit for summary judgment, raised the presumption that Mrs. Price was sane. Contestant did not file anything rebutting this presumption. Therefore, the trial court was correct in granting the summary judgment. I would affirm the Court of Civil Appeals.
HAMILTON, J., joins in this dissent.
NOTES
[1] Section 426, Probate Code, V.A.T.S.
[2] See Navarro v. Garcia et al., Tex.Civ. App., 172 S.W. 723; Beazley v. Denson, 40 Tex. 416; Garcia v. Galindo, Tex. Civ.App., 199 S.W.2d 498, reversed on other grounds, 199 S.W.2d 499.