**Elza JONES et ux., Appellants,**

v.

**TRAVIS COUNTY CHILD WELFARE UNIT, Appellee.**

No. 11958.

Court of Civil Appeals of Texas, Austin.

Nov. 15, 1972.

Phillip D. Hardberger, San Antonio, for appellants.

Brock Jones, Austin, for appellee.

SHANNON, Justice.

This is an appeal from a summary judgment of the 98th District Court of Travis County, and involves the custody of a previ-

ously adjudicated dependent and neglected minor child, Daniel Jones. Appellants are Elza Jones and wife, Janet Jones. Daniel is the natural child of Elza Jones and the adopted child of Janet Jones. The appellee is the Travis County Child Welfare Unit. We will reverse the summary judgment and remand the cause for trial.

Appellants alleged in their petition filed in the 98th District Court, that on January 14, 1971, the same Court in Cause No. 182,-575, declared Daniel Jones to be dependent and neglected, and committed him to the care, custody, and control of appellee as a ward of that court. Appellants averred further that their domestic difficulties and psychiatric problems, which had caused the dependent and neglected proceeding, had been resolved, and that the best interests of the child would be served by returning him to them.

The appellee answered by pleading, among other things, that the prior judgment in Cause No. 182,575, terminated the parental rights of appellants, and that the judgment was *res judicata* ". . . with regard to the best interests of the minor child . . . ." Afterwards, appellee filed the motion for summary judgment, stating as grounds that as the judgment in Cause No. 182,575, terminated the parental rights of appellants, they had "no right to the care, custody and control of Daniel Jones and no standing to bring this custody action . . .."

In opposition to the motion, appellants filed two affidavits, one sworn to by themselves and the other by R. N. McCown, a consulting psychologist. In their affidavit appellants stated, in part, that they had requested that the child be placed in temporary foster care until they had resolved the domestic problems besetting them. Later appellants received months of psychological and family and marriage counseling, which, they claimed, resolved their difficulties. Moreover, appellants swore that their relationship with one another and that their home environment were harmoni-

ous, and now well suited to receive the child. In conclusion, appellants submitted that the best interests of the child would be served by his return to them.

In his affidavit, McCowan declared that Appellant, Mrs. Jones, had been receiving therapy since October 30, 1970. McCown also reported that Mrs. Jones' progress with her emotional problems has been favorable, and his impression was that more than likely appellants will be able to continue to live together ". . . in marital harmony, preserving a wholesome family environment and adequately caring for the physical and emotional well-being of Daniel as a family member."

■ Upon analysis, appellee's position is, in effect, that appellants' petition failed to state a cause of action. This is so, appellee argues, for the reason that the former judgment in Cause No. 182,575, declaring the child to be dependent and neglected was final and "terminated" appellants' parental rights. The proper procedural device to test the sufficiency of appellants' petition was not by motion for summary judgment, but rather by special exception. However, appellee's motion, viewed either as a special exception, or, as labeled, one for summary judgment, was insupportable and should have been overruled.

Article 2337, Vernon's Tex.Rev.Civ.Stat. Ann., provides in part as follows:

> "In case any child is adjudged to be dependent or neglected under this title then such parents or guardian shall thereafter have no right over or to the custody, services or earnings of said child except upon such conditions in the interest of such child as the Court may impose, *or where, upon proper proceedings, such child may lawfully be restored to the parents or guardian.*"

(Emphasis added.)

■ The terms of the statute contemplate that a judgment in a dependency ac-

tion, upon a proper showing, may be altered in a subsequent proceeding. Hickman v. Smith, 238 S.W.2d 838 (Tex.Civ.App. 1951, err. ref.). The suit to alter the dependency judgment must be filed in the court which entered the initial judgment, Hickman v. Smith, *supra*, and may be in the form of an original proceeding to recover the custody of the child. See Reimer v. Lee & Beulah Moor Children's Home, 473 S.W.2d 349 (Tex.Civ.App.1971), 476 S.W.2d 665 (Tex.1972).

Appellants' affidavits partially summarized above, describe changes of condition and circumstance in appellants' family life which raise questions of fact concerning which custody is in the best interests of the child. This being so, the entry of the summary judgment was erroneous.

The judgment is reversed and the cause is remanded for trial.

Reversed and remanded.