Eugene H. SMITH, Appellant,

v.

ORTMAN–McCAIN COMPANY et al., Appellees.

No. 12446.

Court of Civil Appeals of Texas, Austin.

May 26, 1976.

Rehearing Denied June 16, 1976.

David M. Moore, House, Mercer, House, Brock & Wilson, E. B. Fuller, Austin, for appellant.

John F. Morehead, Gibbins & Spivey, Austin, for Ortman-McCain Co.

Barry K. Bishop, Clark, Thomas, Winters & Shapiro, Austin, for Wax Refining Co.

SHANNON, Justice.

This is a summary judgment appeal.

Appellant Eugene H. Smith filed a personal injury suit for $76,000.00 against Consolidated Papers, Inc., and appellees, Ortman-McCain Company and Wax Refining Company. Appellees filed motions for summary judgment. The district court severed the cause of action asserted by appellant against Consolidated Papers, Inc., from those asserted against appellees and entered summary judgment that appellant take nothing from appellees. We will reverse the judgment and remand the cause for trial.

For years appellant worked as a paper cutter for Von Boeckmann-Jones, a printing concern in Austin. As a part of his job, appellant sprayed chemical solutions on sheets of printed paper to prevent one printed sheet from touching the other and thereby smearing the wet ink. Over the years appellant developed a severe skin condition known as "contact dermatitis" which left him unable to work.

In his petition appellant claimed that the appellees placed their products "in the channels of trade" and that those products were used for spraying printed matter. Appellant pleaded that such products ultimately were sold to Von Boeckmann-Jones. Appellant was not aware of the names or the chemical composition of the appellees' products, but appellant pleaded that he believed that appellee Ortman-McCain Company sold "O. M. C. Powder" and that appellee Wax Refining Company sold "W. R. Spray Wax No. 5."

The chemical composition of the companies' products, appellant declared, ". . . was caustic, dangerous and capable of causing a severe injury by contact with the skin of the Plaintiff . . . particularly when occurring over a period of time."

Appellant averred further that he was exposed to those "harmful substances" for a number of years and that those substances caused injuries to his fingers to the extent that he could not work as a paper cutter. Appellant declared further that the ". . . materials furnished by the various Defendants, acting separately or in concert, were the direct proximate cause . . ." of his injuries. Appellant pleaded that, "as a proximate cause of constant exposure to the materials in question, the Plaintiff developed a severe case of contact dermatitis."

Finally, appellant pleaded as follows:

"The Defendants are jointly and severally responsible for the contact dermatitis inflicted upon the Plaintiff and the injuries occasioned thereby and are jointly and severally liable for all damages to which he might be entitled.

"The Defendants are negligent in failing to properly warn users of their products as to the caustic or dangerous nature thereof, they are negligent in failing to properly manufacture and produce such products so that it will not have the effect upon persons such as the Plaintiff and are further negligent as a matter of law in putting such caustic and dangerous substances into interstate commerce."

After hearing and argument, the district court granted appellees' motion for summary judgment.

The order granting the motions for summary judgment recited that there were two grounds for Summary Judgment presented by each of the appellees in their respective motions.

"1. Both Defendants allege that the Plaintiff's Original Petition did not state a cause of action on which relief could be granted against either of the moving Defendants. In particular, these Defendants assert that said Original Petition does not make any allegations that either one of these Defendants was negligent in either way, or that either one of these Defendants sold a defective product which in fact caused the damages which are alleged to have been sustained by the Plaintiff.

"2. Secondly, the moving Defendants also allege, assuming arguendo that the complaint does in fact state a cause of action, that in view of the Plaintiff's answer to the request for admission that he does not know and has no proof that either of the products sold by the respective defendants in fact caused the damages of which he complains."

Although there is authority that a motion for summary judgment may be used to test whether the pleading states a cause of action,[1] ordinarily, that is the function of a special exception. *Jones v. Travis County Child Welfare Unit,* 487 S.W.2d 252 (Tex. Civ.App.1972, no writ). 2 McDonald, Texas Civil Practice § 7.19 (Rev.1970).

Generally, pleadings will be construed in favor of the pleader. The court will look to the pleader's intendment and the pleadings will be sustained even if some element of a cause of action has not been specifically alleged. Every fact will be supplied that can be inferred reasonably from what was stated. *Gulf, Colorado & Santa Fe Railway Co. v. Bliss,* 368 S.W.2d 594 (Tex.1963). The above rules are particularly applicable in a summary judgment proceeding. *Benson v. Grace Oil Co.,* 430 S.W.2d 98 (Tex.Civ.App.1968, no writ).

We have previously described and quoted from appellant's petition. Though the petition is not well pleaded, we are of the opinion that, in the absence of special exceptions, appellant pleaded a cause of action in negligence and in strict liability. The summary judgment, then, may not be

1. *Hidalgo v. Surety Savings and Loan Association,* 462 S.W.2d 540 (Tex.1971); *Gonzales v. Lubbock State School,* 487 S.W.2d 815 (Tex. Civ.App.1972, no writ).

affirmed upon the basis that appellant failed to state a cause of action.

The other basis for the order of summary judgment is that the summary judgment proof showed that appellant did not know and had no proof that either of the products sold by the respective appellees caused his damages.

Appellees' summary judgment proof consisted of Rule 168–Interrogatories to the Party, and Rule 169–Request for Admissions. The pertinent interrogatories and requests, and the respective responses, follow.

Appellee Ortman-McCain's request for admission number five provided: "Again referring to Exhibit A, please admit that it is this powder on the paper stock which you told Dr. Schock about in September of 1972 about which you complained in the case at bar." Appellant's response to request number five was: "It is the understanding of Plaintiff that some of the materials made by the various defendants is [sic] a powder and some is [sic] a liquid and he is not in a position to testify which particular powder or liquid was the cause of his problem."

Appellee Ortman-McCain's interrogatory number forty-nine inquired, "Please state the name and address of all expert witnesses whom you expect to call at the trial of the above entitled and numbered cause, or from whom you have received a written report." Appellant's response to this interrogatory was, "Plaintiff has no names which he can give the requesting party at this time."

■■ Appellees argue in support of the summary judgment order that appellant admitted by the quoted responses that he had no proof that any material sold by them caused any of the injuries of which he complained.

The affirmance of a summary judgment for a defendant depends upon whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. If the defendant's summary judgment proof does not establish as a matter of law that there is no genuine issue of fact as to one or more of essential elements of the plaintiff's case, then the plaintiff does not have the burden, to avoid summary judgment, of going forward with summary judgment proof of like quality. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970), *Torres v. Western Casualty and Surety Company*, 457 S.W.2d 50 (Tex.1970), *Swilley v. Hughes*, 488 S.W.2d 64 (Tex. 1972).

Appellant's response to the request for admission was that he was not in a position to testify which particular powder or liquid was the cause of the problem. In reply to the interrogatory requiring appellant to identify all expert witnesses which he expected to call, appellant answered that he had no names which he could ". . . give the requesting party *at this time*." (Emphasis added)

■ The fact that appellant did not know which powder or liquid produced his injuries and that he did not know what expert witnesses his attorney would call at trial does not establish, as a matter of law, that appellees' products did not cause appellant's injuries. Upon trial, if appellant rested his case with no more evidence adduced than is contained in his responses, he would, of course, suffer a directed verdict because of his failure to sustain his burden of proof. Appellant, however, has no such burden on appellees' motions for summary judgment. *Torres v. Western Casualty and Surety Company, supra.*

The judgment is reversed and the cause is remanded for trial.

Reversed and Remanded.