G. T. HUBBARD et al., Appellants,

v.

BELTON INDEPENDENT SCHOOL
DISTRICT, Appellee.

No. 12587.

Court of Civil Appeals of Texas,
Austin.

June 15, 1977.

Gerald M. Brown, Temple, for appellants.

Shelburne J. Veselka, McCreary & Huey,
Austin, for appellee.

SHANNON, Justice.

Appellee, Belton Independent School District, filed suit in the district court of Bell County against appellants, G. T. Hubbard and Susanne H. Wells, also known as Susanne Bond, for delinquent taxes for 1974 and 1975. The district court granted appellee's motion for summary judgment for taxes, penalties, and interest in the sum of $5,015.71. We will reverse that judgment.

Appellee sued for taxes, penalty and interest due from seven tracts of land. In response, appellants filed an answer containing special exceptions and a general denial.

Appellee's summary judgment proof consisted of an affidavit of appellee's tax assessor-collector in which he swore that appellants, G. T. Hubbard and Susanne H. Wells, were the owners of the property involved for the years in question. Also, as a part of its summary judgment proof, appellee attached certified copies of the delinquent tax records showing the amount of taxes due and owing on the parcels of land. Those records showed appellants to be "owners" of two of the tracts and *Mrs. J. B. Hubbard* to be "owner" of five of the tracts.

Appellants did not respond to the motion for summary judgment by answer or by controverting summary judgment proof.

Appellants' position is that appellee's summary judgment proof failed to show, as a matter of law, that appellants owed the taxes as to *five* of the tracts of land. That is so, argue appellants, because the certified copies of the delinquent tax records show the five tracts were owned not by appellants, but instead by *Mrs. J. B. Hubbard.*

■ The affirmance of a summary judgment for the plaintiff depends upon whether the summary judgment proof establishes

 

matter of law, that there is no genuine issue of fact as to the essential elements of the plaintiff's cause of action. If the plaintiff's summary judgment proof fails in this respect, then the defendant does not have the burden, to avoid summary judgment, of going forward with proof of like quality. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970); *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972); *Smith v. Ortman-McCain Co.*, 537 S.W.2d 515 (Tex.Civ.App. 1976, writ ref'd n.r.e.).

■ Appellee's summary judgment proof does not establish, as a matter of law, that appellants owed the taxes due from the five parcels of land listed in the name of Mrs. J. B. Hubbard. To the contrary, the movant's proof served only to raise a fact issue with respect to whether appellants owed those taxes. Although the tax assessor-collector's affidavit stated that appellants owned all seven tracts, appellee's own tax records showed five of the tracts were owned by Mrs. J. B. Hubbard.

Appellee's summary judgment proof *does* establish, as a matter of law, the appellants' tax liability as to the two tracts of land listed as owned by them. Accordingly, appellants, to have avoided summary judgment, had the burden of coming forward with controverting summary judgment proof. As previously written, appellants did not discharge that burden.

Ordinarily, this Court would reverse that part of the judgment awarding appellee taxes, penalties, and interest due from the five tracts of land, and that cause of action would be severed and remanded. This Court then would affirm that part of the judgment awarding appellee taxes, penalties, and interest due from the two tracts of land. The court is unable to enter such decree because the judgment is in a lump sum, and the Court is not able to ascertain from the record what sum is due as penalty and interest from each tract of land.

The judgment is reversed. The cause is remanded to the district court for trial for a determination of the sums owed by appellants on the two tracts, and for trial with respect to the five tracts.