**Kenyon HOUCHINS, Appellant,**

v.

**Allan SCHELTZ et al., Appellees.**

**No. B2149.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 24, 1979.

Rehearing Denied Nov. 28, 1979 With Opinion.

746

Kenyon Houchins, Houchins & Tasker, Houston, for appellant.

Lynn N. Hughes, Howard & Hughes, David C. Holland, Dabney, Garwood & Holland, Houston, for appellees.

Before COULSON, SALAZAR and JUNELL, JJ.

JUNELL, Justice.

This is a summary judgment case in which appellant, plaintiff in the court below, claims that because there are unresolved fact issues the trial court erred in granting defendants' motions for summary judgment. This dispute involves appellant's claim under a deed given to satisfy a debt for attorney's fees, and the effect of a judgment in a prior partition suit. The trial court's summary judgment for defendants is affirmed in part and reversed and remanded in part.

The appellant, Kenyon Houchins, assignee of Regina Brelsford, bases his suit upon her claims against appellees, Michael Scheltz and Allan Scheltz. Brelsford had performed legal services for Allan Scheltz. To satisfy his obligation to pay, on March 28, 1975, he conveyed to her by general warranty deed 8% of his one-half interest in a tract of land we will call the Brittmore Road property. On November 2, 1972, Mary Ida Scheltz, the mother of Michael and Allan Scheltz, conveyed the entire tract to Michael Scheltz, trustee. On June 4, 1973, Mary Ida Scheltz died testate. By the terms of her will she left her entire estate to her sons and appointed Michael Scheltz as independent executor. Brelsford assigned to Houchins one-half of her 4% interest in the property, and Houchins then purchased from Brelsford's trustee in bankruptcy the remainder of Brelsford's claim against Scheltz. Houchins brought the present action in trespass to try title and, in the alternative, for declaratory relief as to the status of the title to the Brittmore Road property. Previously Brelsford had brought an action, in which Houchins intervened, for partition of this same property. In that earlier suit the First Court of Civil Appeals affirmed the trial court's judgment denying partition, holding that Brelsford and Houchins had failed to prove joint ownership and present right to possession. *Brelsford v. Scheltz*, 564 S.W.2d 404 (Tex. Civ.App.-Houston [1st Dist.] 1978, writ ref'd n. r. e.). That court did not determine who held title, only that Brelsford did not prove joint ownership.

In the present action, defendants moved for summary judgment on the ground that the prior partition suit is *res judicata* of the issue of title. Before the hearing on the motion for summary judgment plaintiff timely filed an amended petition repleading the claims in trespass to try title and for declaratory relief, and adding alternative claims against Allan Scheltz for damages for breach of the general warranty in the deed to Brelsford, and on the underlying agreement of Allan Scheltz to pay attorney's fees. The plaintiff filed no opposition to the motion for summary judgment and defendants submitted no additional summary judgment proof after the amended petition was filed. The summary judgment states as grounds that the decision in the prior partition suit is *res judicata*.

Appellant claims that the trial court erred in granting summary judgment on the entire suit in the face of unresolved fact issues springing from the alternative causes of action. He does not assign as error the trial court's summary judgment for appellees on the trespass to try title suit. That portion of the judgment awarding recovery to one party, from which no

appeal is taken, is final on the appeal and all subsequent litigation. *Kendrick v. Tidewater Oil Company*, 387 S.W.2d 122 (Tex. Civ.App.-Tyler 1965, writ ref'd n. r. e.). The summary judgment on the trespass to try title action is, therefore, affirmed as to Michael Scheltz and Allan Scheltz.

Appellant's alternative claims raise the issue of the effect of the finality of the trespass to try title judgment on appellant's real property interest. Appellant pleaded an action for a declaratory judgment on the status of the title, contending on appeal that such action was not barred by appellee's defense of *res judicata*. Tex.Rev.Civ.Stat.Ann. art. 7391 (Vernon 1960) states that any final judgment rendered in any action for the recovery of real estate shall be conclusive as to the title established upon the party against whom it is recovered. A party loosing under a valid judgment in a trespass to try title case is precluded thereby from asserting interest in the land in controversy through any fact which existed at the time the judgment was rendered. *Toole v. Christ Church, Houston*, 141 S.W.2d 720 (Tex.Civ.App.-Galveston 1940, writ ref'd). We hold, therefore, that the entire issue of title to the land has been settled by a final judgment in the trespass to try title action. That judgment was in effect a declaration that title to the land is vested in appellees and that Houchins has no interest therein. Appellant has no standing in an action for declaratory judgment because he does not meet the standing requirements of the Declaratory Judgments Act in that he has no interest in the property. Tex.Rev.Civ.Stat.Ann. art. 2524–1 (Vernon 1965). The record reveals no possible recovery by appellant on the other one-half of Brelsford's real property interest. The sale by the trustee in bankruptcy, upon which Houchins bases his claim, conveyed only an interest in "a legal action." That action was the pending suit of *Brelsford v. Scheltz*, which has been resolved. Thus, the judgment for appellees Michael and Allan Scheltz on the declaratory judgment action is affirmed. The remaining alternative claims do not involve a real property claim, thus must be considered separately to determine if summary judgment was proper on the ground of *res judicata*.

The doctrine of *res judicata* operates to bar subsequent actions involving an identical cause of action between the identical parties and those in privity with them. *Abbott Laboratories v. Gravis*, 470 S.W.2d 639 (Tex.1971). In Texas the rule also operates to bar litigation of all issues connected with a cause of action or defense which might have been tried in a former action as well as those which were actually tried. *Abbott Laboratories, supra, citing Ogletree v. Crates*, 363 S.W.2d 431 (Tex.1963).

A judgment in a suit on one theory is conclusive as to all theories of liability that might have been alleged and defenses that might have been urged with respect to the claim; thus all grounds of recovery or defense must be urged or will be barred. A judgment on the merits of one cause of action is not conclusive of a subsequent suit on a different cause of action except as to issues of fact actually litigated and determined therein. *Griffin v. Holiday Inns of America*, 496 S.W.2d 535 (Tex.1973), and cases cited therein.

In the prior partition action only issues of real property interest were addressed. In the present case the alternative claims for attorney's fees and damages for breach of warranty in the deed are new causes of action against Allan Scheltz, not merely additional theories of liability or grounds of recovery which would be barred by *Griffin*. These claims were not encompassed by the partition suit where the only issue determined was that appellant and Brelsford did not show title to the property. Thus the affirmative defense of *res judicata* did not operate to bar the alternative claims against appellee Allan Scheltz. The question of whether summary judgment was proper as to these alternative claims on other grounds requires separate consideration.

Tex.R.Civ.P. 166–A requires that the motion for summary judgment state the specific grounds upon which the judgment is

sought. Texas courts have held that if it affirmatively appears from the pleadings, admissions, depositions and affidavits that there are no issues as to any material facts, then summary judgment remains the proper remedy even if it is to be granted upon a ground different from that specified in the motion for judgment. *Phil Phillips Ford, Inc. v. St. Paul Fire and Mar. Ins. Co.*, 465 S.W.2d 933 (Tex.1971); *In Re Estate of Price v. State National Bank of El Paso*, 375 S.W.2d 900 (Tex.1964). Thus, this Court must look behind the order to determine if other grounds exist.

The burden of the movant for summary judgment is to show that there is no genuine issue as to any material fact, and that he is entitled to judgment as a matter of law. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970). The affirmance by this court of the judgment for defendant depends on whether the summary judgment proof meets that burden. *Smith v. Ortman-McCain Co.*, 537 S.W.2d 515 (Tex.Civ.App.-Austin 1976, writ ref'd n. r. e.). If the movant's proof does not establish the lack of any fact issue as a matter of law, then the non-movant does *not* then have the burden of going forward with summary judgment proof of like quality in order to avoid summary judgment against him. *Smith, supra; Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972). The record reflects no summary judgment proof of appellees which addresses the issue of the claim for damages for breach of warranty of title. Regarding that issue, we are left with the plaintiff's amended petition put into issue by defendants' general denial. Tex.R.Civ.P. 92. Such pleadings cannot support a summary judgment on the warranty action in the face of unresolved fact issues. *Swilley v. Hughes, supra.*

Appellant in his amended petition brought the action for damages for breach of warranty of title only against Allan Scheltz, thus the judgment is affirmed on the warranty action as to Michael Scheltz, and is reversed and remanded as to Allan Scheltz for trial on the merits of appellant's claim for damages for breach of warranty of title.

Appellant's final alternative claim is against Allan Scheltz on the alleged underlying obligation of Allan Scheltz to pay attorney's fees. The same burden of proof rests upon the movant for summary judgment as was described above in relation to the other claim. Appellees in their brief allege that the attorney's fees claim is barred on its face by limitations, and thus summary judgment must be affirmed on that ground. This contention is without merit. When the rules of procedure require that a defense be affirmatively pleaded, if the defense is not so pleaded, even summary judgment proof establishing the defense as a matter of law will not entitle the movant to judgment. *DeBord v. Muller,* 446 S.W.2d 299 (Tex.1969). The record shows no such affirmative defense in Allan Scheltz's answer or in his summary judgment proof. The summary judgment proof does not address the issue of the plaintiff's alternative claims for attorney's fees. Thus we are again left with only the amended petition put into issue by defendant's general denial. However, as to this issue, the pleadings alone are sufficient to support summary judgment for the defendant.

Summary judgment may be granted on grounds other than those specified in the motion for summary judgment. *In Re Estate of Price, supra.* When a party pleads facts which would constitute a judicial admission entitling the opponent to judgment, or creating an insuperable barrier to a right of recovery, a summary judgment on the pleadings is proper. *Texas Department of Corrections v. Herring,* 513 S.W.2d 6 (Tex.1974). The judgment on the pleadings for the defendant is proper not because of a deficiency in the other party's pleadings, but because the facts alleged by the plaintiff establish the absence of a right of action. *Swilley v. Hughes, supra.*

A review of the appellant's amended petition reveals that he has alleged an accord and satisfaction to his claim for attorney's fees. An accord is an agreement whereby one of the parties undertakes to give or perform, and the other to accept in satisfac-

tion of a claim, something different from that to which he was, or considered himself, originally entitled. A satisfaction is the execution or performance of that agreement. *Slaughter v. Temple Lumber Company,* 307 S.W.2d 108 (Tex.Civ.App.-Houston 1957, writ ref'd n. r. e.) *citing* 1 C.J.S. Accord and Satisfaction § 1, p. 462. The term applies to the complete transaction and the doctrine constitutes a bar to any action on the original contract. *Ensley v. Spickard,* 232 S.W.2d 780 (Tex.Civ.App.-Dallas 1950, writ ref'd).

▉▉▉▉ Appellant's petition, supported by exhibits, sets out the following facts: in 1973 appellee Allan Scheltz retained attorney Brelsford to represent him, executing a power of attorney, for which he agreed to pay a reasonable fee; in 1974 Scheltz gave attorney Brelsford a written agreement to convey to her 8% of his one-half interest in the Brittmore Road property to satisfy the obligation; in 1975 Scheltz executed the general warranty deed conveying the interest promised. . These facts constitute the accord and satisfaction of claim for attorney's fees. Appellant Houchins has no greater right to recover on the original contract as assignee of Brelsford than does Brelsford herself; thus, the claim is barred. The trial court did not err in granting summary judgment for Allan Scheltz on the alternative claim for attorney's fees. That portion of the judgment is affirmed.

Affirmed on all grounds as to Michael Scheltz individually and as executor of the estate of Mary Ida Scheltz; affirmed as to Allan Scheltz on the actions in trespass to try title, for declaratory judgment on the status of title and on the action for attorney's fees.

Reversed and remanded as to Allan Scheltz only on the cause of action for damages for breach of the general warranty of title in the deed from Allan Scheltz to Regina Brelsford.

ON MOTION FOR REHEARING

JUNELL, Justice.

In his motion for rehearing appellee Allan Scheltz has urged this Court to affirm the entire cause on the basis of Tex.R.Civ.P. 166–A as amended effective January 1, 1978, and the recent Texas Supreme Court opinion of *The City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). Appellee contends that because appellant filed no written response to appellee's motion for summary judgment, he has waived those issues on appeal.

Appellant filed no written response to appellee's motion, but he timely filed an amended petition setting forth new and distinct causes of action against appellee. Appellee's summary judgment proof that *res judicata* barred appellant's action did not address the new cause of action for breach of warranty of title. The *City of Houston* case cited by appellee explains that the movant must still establish his entitlement to a summary judgment on the issues expressly presented to the trial court by proving all essential elements of his cause of action or defense as a matter of law. The non-movant's failure to answer cannot supply by default the proof necessary to establish the movant's right. The non-movant needs to have filed no answer or response to the motion to contend on appeal that the grounds presented to the trial court by the movant's motion are insufficient as a matter of law to support the summary judgment. 589 S.W.2d at 678.

▉▉▉▉ Appellee's motion and proof addressing only the *res judicata* defense is not legally sufficient to prevail against appellant's new causes of action. The trial court's judgment attempting to dispose of the entire case on that basis cannot stand, and amended rule 166–A does not foreclose appellant's right to appeal on that ground.

Affirmed in part and reversed and remanded in part.