**Russell D. DAVES, Appellant,**

v.

**The STATE BAR OF TEXAS, Appellee.**

**No. 07–85–0049–CV.**

Court of Appeals of Texas, Amarillo.

May 20, 1985.

Rehearing Denied June 4, 1985.

O'Shea, Hall & Hart, Mark Hall, Lubbock, for appellant.

Jerry L. Zunker, Gen. Counsel, Adele M. Winn, Asst. Gen. Counsel, State Bar of Texas, Austin, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

REYNOLDS, Chief Justice.

Russell D. Daves, a Lubbock attorney licensed by the Supreme Court of Texas to practice law in this state, was summarily adjudged guilty of an act of professional misconduct, and his license to practice law was suspended for six months. Although the professional misconduct was conclusively established, we conclude that the trial court abused its judicial discretion by excessively disciplining Daves under this summary judgment record. Consequently, we reverse and remand.

Daves was accused by the State Bar of Texas and found guilty by the court of violating DR 2–101, a disciplinary rule of the Texas Code of Professional Responsibility, by advertising his services in an area of family law without stating in the advertisement, as required by DR 2–101(C)(2), that he was "Not certified by the Texas Board of Legal Specialization." The offending advertisement, appearing in this form,

## UNCONTESTED DIVORCE

No property, No Children ..................................... $75
Property or Children ....................................... $150
Property and Children ....................................... $175

Court costs not included in above Fees
No charge for Initial Consultation
Above Fees for Lubbock County only

**RUSSELL D. DAVES**
Attorney At Law

1111 Main
763-1111

was published on 27 October 1983 in the Lubbock Avalanche Journal. The advertisement and the penalty imposed for its publication are grounded on the controlled practice of law in this state, to which we briefly refer.

Attorneys licensed to practice law in Texas are required to be members of the State Bar of Texas, an integrated bar, which is governed by the State Bar Act and administratively controlled by the Supreme Court of Texas. Tex.Rev.Civ.Stat.Ann. art. 320a–1 (Vernon Supp.1985). The legislation provides that any attorney admitted to practice in this state is subject to the disciplinary jurisdiction of the Supreme Court and its administrative agent, the State Bar, id., § 12(a), and that from time to time, the Supreme Court may adopt rules and regulations for, among other things, the conduct of the State Bar and the discipline of its members. Id., §§ 8(a), 12(b). In providing for the Court's rule-making powers, the legislation calls for the Court's proposed rules and regulations to be submitted to each registered member of the State Bar for a vote, and specifies that no rule or regulation shall be promulgated if it has not received a majority of the votes cast by at least 51 percent of the registered members who shall have voted in the election. Id., § 8(b).

The Supreme Court adopted the State Bar Rules, characterized as being in aid of the Court's inherent power to regulate the practice of law. Supreme Court of Texas, Rules Governing the State Bar of Texas, preamble (1984) (appearing in volume 1A of

Texas Revised Civil Statutes Annotated at page 70 (Vernon Supp.1985)). Included within the rules, as section 9 of article X, is the Texas Code of Professional Responsibility, which embraces the disciplinary rules, a violation of which empowers a district court to impose one or more of these sanctions: (1) a public reprimand, (2) suspension for a fixed period not to exceed three years, (3) disbarment without reinstatement for at least five years, (4) restitution for financial injury, and (5) costs of court and attorney fees. Supreme Court of Texas, Rules Governing the State Bar of Texas, art. X, § 8 (1984).

To promote the availability, accessibility and quality of the service of lawyers to the public in particular fields of law, the State Bar established a plan for, and granted to its created Texas Board of Legal Specialization the general jurisdiction over, the recognition and regulation of specialization in the law. In brief, the plan provides for the issuance of a certificate of special competence in particular fields of law to any lawyer who has actually practiced law on a full-time basis for a minimum of five years, and who demonstrates sufficient knowledge, proficiency and experience in the particular field of law for which certification is sought. One of the fields of law for which standards and requirements for certification have been prescribed is that of family law specialists.

By its 21 July 1982 order, the Supreme Court adopted and promulgated, effective 1 September 1982, a disciplinary rule, DR 2–101, to furnish guidelines for, *inter alia,* attorney advertising without submitting the rule to a vote of the members of the State Bar since two previous referendums on the matter failed because less than 51 percent of the members had voted in the elections. 635–636 S.W.2d (Texas Cases) XLI–XLIII. The rule provides that a lawyer advertising a legal service in an area of law,

> Who has not been awarded a Certificate of Special Competence by the Texas Board of Legal Specialization in the area so advertised must state with respect to

each area, "Not certified by the Texas Board of Legal Specialization." Where the area so advertised has not been designated as an area in which a lawyer may be awarded a Certificate of Special Competence by the Texas Board of Legal Specialization, the lawyer may also state, "No designation has been made by the Texas Board of Legal Specialization for a Certificate of Special Competence in this area." Such statements must be displayed conspicuously so as to be easily seen or understood by any consumer.

*Id.;* Supreme Court of Texas, Rules Governing the State Bar of Texas, art. X, § 9 (Code of Professional Responsibility) DR 2–101(C)(2) (1984).

Following the publication of the advertisement reproduced above, the State Bar of Texas, acting by the Grievance Committee for State Bar District Number 16, instituted these disciplinary proceedings against Daves. The State Bar alleged that the advertisement by Daves constituted professional misconduct in violation of DR 2–101(C), and prayed that he be reprimanded, suspended or disbarred as the facts shall warrant.

Answering, Daves, whose pleadings affirmatively establish that he has been denied a Certificate of Special Competence as a family law specialist by the Texas Board of Legal Specialization, admitted placing the advertisement on or about 27 October 1983 in the Lubbock Avalanche Journal, but he defended his action on the grounds that DR 2–101 is unconstitutional in its entirety or, alternatively, is unconstitutional as applied to his advertisement, which he alleged was constitutionally protected commercial speech. Later, Daves amended his answer to assert that DR 2–101 is invalid by reason of the Supreme Court's failure to submit it to the registered members of the State Bar as required by the State Bar Act.

The State Bar moved for summary judgment on the ground that Daves' advertisement violated DR 2–101(C) by not containing the required disclaimer of certification. The support recited for the motion was the pleadings.

Daves filed a response to the State Bar's motion for summary judgment, asserting that the State Bar was not entitled to judgment merely because he "has admitted publishing a newspaper advertisement which bears his name and designation as an attorney at law and uncontested divorce as an area in which he practices, without stating with respect to the advertised area of law that he was 'Not Certified by the Texas Board of Legal Specialization'" for several reasons. The reasons given to avoid the summary judgment sought were forty-six alleged fact questions and no evidence, as well as insufficient evidence as a matter of law, to support the State Bar's motion. Attached to the response were seven affidavits, remarkedly similar in content, by affiants who stated they had consulted with Daves as a result of the advertisement. The affiants further stated, in short, that they did not find the advertisement to be inherently false, deceptive, misleading, untruthful or to contain any misstatement of fact, and if the advertisement had contained the noncertification statement, they would have assumed Daves had less qualifications than attorneys in general or was not properly licensed or certified to do the advertised work.

Before the date set for a hearing on the summary judgment motion, Daves filed three additional affidavits. One was executed by a lay person following the format of those just mentioned; another was subscribed by an attorney licensed to practice less than five years; and the other was Daves' personal affidavit. In the latter two affidavits, the attorney and Daves, in addition to venturing comments concerning attorney advertising as it relates to the proscriptions of DR 2–101, expressed their legal opinion that the Supreme Court exceeded its legislatively delegated authority by promulgating DR 2–101 and related disciplinary rules without submitting them to a vote of the registered members of the State Bar.

Following a hearing on the State Bar's motion, the court, being

of the opinion that ... the State Bar of Texas is entitled to summary judgment and the Defendant Russell D. Daves has, as a matter of law by his conduct, concerning which there exist [sic] no disputed material issue of fact, violated Disciplinary Rule 2–101(C)(2) of the Code of Professional Responsibility, for which reason he should be suspended from the practice of law....

ordered, adjudged and decreed that Daves be suspended from the practice of law in Texas for a period of six months.

Appealing, Daves attacks the court's judgment with seven points of error. We first consider his sixth point by which he submits that DR 2–101 is unconstitutional because the Supreme Court promulgated it without submitting it to a vote of the registered members of the State Bar as required by the State Bar Act, article 320a–1, *supra.*

■ As previously noted, the State Bar Act calls for the rules and regulations proposed by the Supreme Court to be submitted to each registered member of the State Bar for a vote, validates an election thereon only if a minimum of 51 percent of the members registered shall have voted at the election, and then provides that:

No rule or regulation shall be promulgated that has not received a majority of the votes cast in the manner provided above.

Article 320a–1, *supra,* § 8(b). Notwithstanding, the Legislature recognized that the State Bar Act

is in aid of the judicial department's powers under the constitution to regulate the practice of law and not to the exclusion of those powers.

*Id.,* § 2. Given this recognition, the Supreme Court, expressing and exercising its own inherent power to regulate and control the practice of law, entered its 19 June 1979 order specifying that the State Bar shall be governed by the State Bar Act "as supplemented by this order and subsequent orders." 1A Tex.Rev.Civ.Stat.Ann. 53–54 (Vernon Supp.1985). The inherent power referred to is that power given by the present constitution of 1876. *Scott v.*

*State,* 86 Tex. 321, 24 S.W. 789, 790 (1894). Thus, even though the State Bar Act is utilized as an aid in the Court's exercise of its inherent power to regulate and control the practice of law, *State Bar of Tex. v. Heard,* 603 S.W.2d 829, 831 (Tex.1980), the provisions of the Act do not, by the Act's own language, and cannot, by virtue of the Court's inherent power under the Constitution, detract from or limit the Court's primary responsibility to regulate and control the legal profession by its own orders. When a provision of the State Bar Act conflicts with an order of the Supreme Court regulating and controlling the practice of law, the statutory provision must yield to the Court's rule. *Banales v. Jackson,* 601 S.W.2d 508, 512 (Tex.Civ.App.— Beaumont), *motion to review under Rule 21c denied,* 610 S.W.2d 732 (Tex.1980).

■ It naturally follows, then, that the Court's exercise of the power inherited from the constitution to promulgate DR 2–101 cannot render the rule unconstitutional merely because its promulgation did not follow a statutory provision enacted as an aid to, but not to the exclusion of, the Court's exercise of its inherent power. In this regard, it should be recognized that the Court did not unilaterally ignore section 8(b) of the State Bar Act as an aid in discharging its responsibility. As recited in its order adopting DR 2–101, the Court had twice submitted the matter of advertising to a vote of the State Bar members, less than 51% of whom voted, but those voting overwhelmingly favored the amendments. 635–636 S.W.2d (Texas Cases) XLI. The sixth point of error is overruled.

We next notice Daves' points of error three, four, five and seven. By this series of points, he advances the central contention that DR 2–101, or at least section (C) thereof, is, and the trial court erred in not finding it to be, an unconstitutional rule that violates commercial free speech protected by the First and Fourteenth Amendments to the United States Constitution. In this connection, Daves argues that his simple advertisement is protected as commercial free speech under the First Amendment by the holding of *Bates v. State of*

*Arizona,* 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977), and that it is not misleading under the criteria of *In the Matter of R.M.J.,* 455 U.S. 191, 102 S.Ct. 929, 71 L.Ed.2d 64 (1982), so as to be subject to the restraint of the disclaimer required by DR 2–101.

■ At the outset, we observe that *Bates* did not foreclose the possibility that some disclaimer might be required in advertising by lawyers to prevent the consumer from being misled, 433 U.S. at 384, 97 S.Ct. at 2709, and *R.M.J.* did not pass on the constitutionality of the disclaimer required for certain lawyer advertising in Missouri, which was not challenged. 455 U.S. at 204, 102 S.Ct. at 938. We further observe that our Supreme Court adopted DR 2–101, and the related rules, as advertising guidelines to remove the uncertainty and confusion surrounding attorney advertising, solicitation and trade names in the aftermath of *Bates.* 635–636 S.W.2d (Texas Cases) XLI. In this setting, we presume the Court intended DR 2–101, and so fashioned it, to comply with the restraint constitutionally permitted to prevent false, deceptive or misleading advertising.

■ However, we do not undertake an evaluation of the specific challenges made by Daves to the constitutionality of DR 2–101. Accepting the Supreme Court's inherent power to adopt the rule, it is not our function as an intermediate appellate court to nullify or alter it, for once the Court decides upon a rule of law, the decision is, in the absence of a controlling decision by the United States Supreme Court, binding on lower courts, *Swilley v. McCain,* 374 S.W.2d 871, 875 (Tex.1964), until the Court changes the rule. *Woodard v. Texas Dept. of Human Resources,* 573 S.W.2d 596, 598 (Tex.Civ.App.—Amarillo 1978, writ ref'd n.r.e.). This principle is particularly applicable to the Court's rules regulating and controlling the practice of law, *Banales v. Jackson, supra,* the constitutionality of which may be passed on by that Court. *Cameron v. Greenhill,* 582 S.W.2d 775, 777

(Tex.1979). Points three, four, five and seven are overruled.

We now address Daves' first point of error by which he contends that the State Bar was not entitled to judgment as a matter of law. This obtains, he argues, because the State Bar did not establish all of the essential elements of the professional misconduct alleged since it only referred to the pleadings as support for its summary judgment motion, and neither attached summary judgment proof to the motion nor otherwise proved the non-existence of the forty-seven fact issues he alleged existed. To support his argument, he cites *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979), and *Americana Motel, Inc. v. Johnson*, 610 S.W.2d 143 (Tex.1980), for the principle that pleadings, sworn or unsworn, do not constitute summary judgment proof, *Chandler v. Carnes Co.*, 604 S.W.2d 485 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.), and *Texas Nat. Corp. v. United Systems Internat'l, Inc.*, 493 S.W.2d 738 (Tex.1973), for the principle that a motion for summary judgment must be supported by proof attached thereto or contained in affidavits in support thereof, and *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589 (Tex.1975), as well as other cases, for the principle that any doubt as to the existence of a disputed material fact should be resolved in favor of the non-movant.

■ We recognize the validity of those principles of law and acknowledge their application in the usual summary judgment proceeding, but the principles are not controlling in the light of this summary judgment record. Although, generally, pleadings, even if sworn to, are not summary judgment proof, there are exceptions to that general principle. In certain situations, summary judgment is properly rendered on the pleadings, *Texas Nat. Corp. v. United Systems Internat'l, Inc., supra*, at 741, when, for example, a party pleads himself out of court by pleading facts which affirmatively negate his cause of action, *Texas Department of Corrections v. Herring*, 513 S.W.2d 6, 9 (Tex.1974), or the pleading of a sworn account is not denied by the required oath, *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540, 543 n. 1 (Tex.1971), or a party pleads facts which constitute a judicial admission entitling the movant to judgment. *Houchins v. Scheltz*, 590 S.W.2d 745, 750 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ).

■ To establish the professional misconduct alleged, the State Bar was required to show conclusively that (1) Daves was not certified as a family law specialist and (2) he published the advertisement *sans* the disclaimer of certification. Daves judicially admitted both facts in his pleadings. The judicial admissions are conclusive upon Daves, relieving the State Bar from the burden to otherwise prove the admitted facts, and barring Daves from disputing them. *Mendoza v. Fidelity & Guar. Ins., Etc.*, 606 S.W.2d 692, 694 (Tex. 1980). Thus, these judicial admissions entitled the State Bar to a summary adjudication that Daves was guilty of the professional misconduct alleged, *Houchins v. Scheltz, supra*, without further proof to support that portion of the summary judgment rendered, *Porter v. Lumbermen's Investment Corp.*, 606 S.W.2d 715, 717 (Tex. Civ.App.—Austin 1980, no writ), especially since the rule authorizing summary judgments specifies that admissions are proper summary judgment proof. Tex.R.Civ.Pro. 166–A(c).

■ In holding that the pleadings justified the summary adjudication of professional misconduct, we have not overlooked Daves' contentions that his allegations of forty-seven unresolved fact issues pertaining to the constitutionality of DR 2–101 preclude the adjudication. However, with the acceptance of the binding force of the disciplinary rule on the lower courts, the allegations do no more than advance immaterial fact issues which, as such, will not defeat the motion for summary judgment insofar as it is grounded on professional misconduct. *Borg-Warner Acceptance Corp. v. C.I.T. Corp.*, 679 S.W.2d 140, 144

(Tex.App.—Amarillo 1984, writ ref'd n.r.e.). The first point of error is overruled.

■ We now reach Daves' second point of error, his contention that the trial court abused its discretion by ordering him suspended from the practice of law for six months upon this record. The State Bar counters that the suspension imposed was within the range of sanctions authorized and, therefore, it cannot be said that the court acted in an arbitrary and unreasonable manner so as to abuse its discretion. The contention and counter-contention present a question of law for decision. *State v. O'Dowd,* 158 Tex. 348, 312 S.W.2d 217, 221 (1958).

■ The parties are agreed that in a disciplinary proceeding, the punishment affixed is a matter for the exercise of the sound discretion of the trial court. *State v. Ingram,* 511 S.W.2d 252, 253 (Tex.1974). The very authorization of a wide range of sanctions for violations of the disciplinary rules contemplates a just discipline for the misconduct committed. As a result, the punishment imposed may be so light, or so heavy, as to constitute an abuse of discretion. *Id.*

To determine the appropriate measure of discipline, it is provided that the trial court, which in its discretion may conduct a separate evidentiary hearing, shall consider, in addition to any other relevant matters, the factors of

the nature and degree of misconduct for which the respondent is being disciplined, the seriousness and circumstances attending the misconduct, assurance that those who seek legal services will be insulated from unprofessional conduct, the profit to the attorney or the injury or hardship to others resulting from the misconduct, avoidance of repetition, the deterrent effect upon others, the maintenance of respect for the honor and dignity of the legal profession, and the conduct of the respondent during the course of the investigation and trial of the disciplinary action. In addition thereto, the disciplinary record of the respondent is

admissible on the issue of the appropriate measure of discipline to be imposed. Supreme Court of Texas, Rules Governing the State Bar of Texas, art. X, § 23(B) (1984).

■ In this summary judgment proceeding, no separate evidentiary hearing was conducted. Although there are references to other advertisings by Daves, the contents of which are not recorded, the State Bar only alleged, and only proved, the one advertisement reproduced in the forepart of this opinion. None of the other factors to be considered by the trial court was made the subject of the State Bar's summary judgment proof or, apart from the affidavits submitted by Daves, otherwise evidenced for the record. Consequently, and aside from any mitigating influence the affidavits submitted by Daves has on the punishment factors, this summary judgment record shows just one violation of the advertising rule as support for the six-month suspension imposed. On this record, then, our view is that the punishment imposed is so harsh as to constitute an abuse of discretion. As a result, Daves' second point of error is sustained.

It follows that the summary judgment rendered must be, and it is, reversed, and the cause is remanded to the trial court.